■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WICKER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 16, 1978, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. On the eve of the trial, the appellant's codefendant made an oral application for a *Wade* hearing. A previous written motion for the same relief by the appellant had been withdrawn. When the court inquired as to the circumstances surrounding the identification of the appellant and his codefendant, the District Attorney stated: "The police arrived on the scene and found the complainant on the ground. They approached him. He complained that two men just robbed him of some food stamps and the officer saw these two men going around the corner. They put the complainant in the car, reached the corner and saw the two defendants running about a block away. At that time the complainant pointed out the two defendants. The officers gave chase in the vehicle, jumped out of the vehicle and apprehended the two defendants." On this representation, which was not contradicted by the appellant, the court held that no *Wade* hearing was

warranted. The court assured the appellant, however, that a hearing would be conducted during trial if the need therefor arose. The appellant then entered his plea of guilty. The court's ruling was clearly correct. The appellant and codefendant failed to state the grounds for the motion or to offer sworn allegations of fact in support thereof. The motion was therefore insufficient to warrant a hearing (see CPL 710.60). Moreover, the court adequately protected the appellant's rights by offering to hold a hearing during trial if the evidence demonstrated that a hearing was necessary (cf. CPL 710.40, subd 2). We have considered the other contentions raised by the appellant, and find them to be without merit. Mollen, P. J., Titone, Mangano and Gibbons, JJ., concur.