# (December 30, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK W. JOHNSON, Appellant. — Appeal from a judgment of the County Court of Chemung

County (Kepner, J.), rendered June 8, 1981, convicting defendant, upon his plea of guilty, of the crime of criminal sale of marihuana in the third degree. Defendant was indicted on two counts of criminal sale of marihuana in the third degree after having sold marihuana to an undercover police officer on two separate occasions. The transactions were apparently arranged by defendant's brother-in-law. On the morning trial was to commence, defendant, who had earlier requested his counsel to initiate plea bargaining, pleaded guilty to the first of the two counts with the understanding that the second count would be dismissed and that he would be sentenced to a term of one and one-half to three years, the minimum available to him as a second felony offender. During the colloquy preceding his guilty plea, defendant fully and freely admitted engaging in the criminal transaction covered by the first count of the indictment. It appears further that he completely understood the ramifications of his plea and that he had discussed the circumstances of the case, including the specific possibility of asserting two mutually exclusive defenses, alibi and entrapment, with his assigned counsel, the Chemung County Public Defender. At sentencing, defendant, claiming entrapment, moved to withdraw his guilty plea. His motion was denied and sentencing was adjourned until the attorney from the Public Defender's office who had represented defendant at the plea proceeding could be present. At the adjourned sentencing hearing, the Public Defender again moved to withdraw the guilty plea and then, because of the attorney-client privilege and his participation in the plea negotiations, declined to comment further on the motion. Following the court's rejection of defendant's assertion that he possessed a valid entrapment defense, the bargained-for sentence was imposed. Defendant's ineffective assistance of counsel claim, predicated as it is upon the fact that his attorney advised him to plead guilty when he allegedly had a strong entrapment defense, is meritless. Serious obstacles confronted the Public Defender had he attempted to advance this defense at trial. These included the inherent difficulty of proving entrapment, defendant's extensive criminal record, which undoubtedly would have been brought to light, and the formidable proof of guilt that two separate drug sales to the same police officer evidence. Moreover, a conviction after trial could have led to a maximum sentence of four to eight years. These circumstances suggest that defense counsel's urging defendant to accept the plea bargain represented sound defense strategy (*People v Tomaselli*, 7 NY2d 350, 355). It is also charged that the court erred in failing to conduct an in-depth inquiry into the factual basis for defendant's motion. When asked about the reason for withdrawing his guilty plea, defendant responded he was "going under entrapment", that he had been "set up". The sentencing Judge, who had questioned defendant at length when the plea was accepted and had heard defendant unequivocally declare his guilt and also specifically admit that he had discussed an entrapment defense with his attorney, was thoroughly justified in concluding that there was no substantive basis to the withdrawal motion (see *People v Eagan*, 90 AD2d 909; *People v Mangini*, 82 AD2d 940). It is also noteworthy that defendant made no attempt to alter his admission of guilt at the sentencing hearings. Also lacking in conviction is the suggestion that error occurred when the sentencing court neglected to assign new defense counsel after the Public Defender chose not to comment on the merits of the motion because of the attorney-client privilege. The Public Defender did not take an adverse position to defendant at sentencing and actually made the withdrawal motion on defendant's request. Lack of further argument on counsel's part worked no discernible prejudice to defendant's case, and did not give rise to an adversity of interest necessitating the appointment of new counsel *sua sponte* (see *People v Friedman*, 39 NY2d 463, where appointment of new counsel was not required although defense counsel, facing similar circum-

stances, made statements which actually harmed the defendant's motion to withdraw his guilty plea). Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.