OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant has been convicted of manslaughter in the first degree for the stabbing death of her husband. She was represented by two assigned attorneys during the various stages of the proceedings. Her claim on this appeal is that their representation was inadequate and that she was denied effective assistance of counsel, principally because the original counsel presented no witnesses at a CPL 730 *845 competency hearing, because counsel offered to stipulate that defendant had caused her husband’s death and to waive a trial by jury in return for a verdict of not guilty by reason of insanity (which was not accepted), and because new counsel was substituted to represent her on the eve of trial.
Defendant was not denied effective assistance of counsel. The attorney who replaced the original defense counsel for the trial was an experienced lawyer, he had the first attorney’s work product at his disposal and his participation on the first day of trial was limited to the cross-examination of fact witnesses for the prosecution (see Morris v Slappy, 461 US _, 103 S Ct 1610). At the conclusion of that session, the court granted an adjournment of several days for him to prepare the defense’s case. Counsel’s cross-examination and his later direct examination of the psychiatrist who testified for the defense revealed his familiarity with the details of the case, and although counsel’s questioning of the sole witness for the defense could arguably have been more thorough, it by no means indicated a failure to properly interview the witness before putting him on the stand (see People v Love, 57 NY2d 998).
It is clear from the record that both of defendant’s attorneys recognized that she had only one possible defense, insanity, and they chose to concentrate on it rather than attempt to rebut the overwhelming evidence of defendant’s commission of the crime. We have previously stated that an attorney is not required to argue factual innocence at the expense of a stronger defense (People v Baldi, 54 NY2d 137, 148) and counsel’s failure to succeed after relying on the defense of insanity may not be viewed, with the benefit of hindsight, as evidence of ineffectiveness (see People v Aiken, 45 NY2d 394).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order affirmed in a memorandum.