■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. KELSCH, Appellant. — Appeals (1) from a judgment of the County Court of Albany County (Clyne, J.), rendered May 21, 1981, convicting defendant upon

his plea of guilty of the crime of robbery in the second degree, and (2) by permission, from an order of said court, entered December 7, 1982, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing. Defendant and a codefendant, John Trendell, were indicted for robbery in the first and second degrees following an incident at the Stewart's Bread and Butter Shop in the Town of Colonie on December 5, 1980. Pursuant to a negotiated bargain, defendant pleaded guilty to robbery in the second degree in full satisfaction of the indictment. This plea was subsequently vacated because the People were represented by an Assistant District Attorney instead of the Special Prosecutor.* On May 4, 1981, defendant again pleaded guilty to second degree robbery in full satisfaction of the indictment and a separate indictment for second degree robbery. At sentencing, defendant requested leave to withdraw his plea, asserting his innocence and stating that he was under the influence of marihuana during the plea proceedings. Defendant also presented the Trial Judge with a marihuana cigarette, demonstrating his point that marihuana was available at the county jail. Defendant's new assigned counsel did not participate in the withdrawal application, indicating this was the first he had heard of defendant's desire to withdraw the plea. The trial court denied the application and sentenced defendant to an indeterminate term of imprisonment of 5 to 15 years, the maximum allowable sentence for a class C violent felony offense (Penal Law, § 70.02). Thereafter, defendant moved *pro se* pursuant to CPL 440.10 to vacate the conviction, essentially contending that he had been denied effective assistance of counsel. This motion was denied without a hearing. There should be an affirmance. Defendant's contention that the trial court erred in refusing his application to withdraw his plea or, alternatively, in failing to conduct a hearing, is not persuasive. Clearly, the decision to allow a defendant to withdraw his guilty plea rests within the trial court's discretion (CPL 220.60, subd 3; *People v Gibson,* 84 AD2d 885, 886; *People v Thomas,* 78 AD2d 940, 941), Here, the record confirms that defendant was fully advised of the consequences of his plea, including a waiver of his right to a determination of any motions pending on his behalf. Notwithstanding defendant's assertion that he was under the influence of marihuana, the minutes of the plea are unequivocal and confirm that defendant understood the repercussions of his action and proceeded voluntarily and, in conjunction with extensive questioning by the court, he detailed his commission of the crime. His belated claim of innocence is without basis in the record. Accordingly, we cannot say that the court abused its discretion in denying defendant's application (*People v Jones,* 95 AD2d 869; *People v Eagan,* 90 AD2d 909). Moreover, since defendant was given ample opportunity to state the basis for his withdrawal application, no error resulted from the absence of an evidentiary hearing (*People v Tinsley,* 35 NY2d 926). Next, we reject defendant's contention that he was denied effective assistance of counsel. We first note that his assertion that counsel was unprepared and failed to pursue the suppression motion is without support in the record. During the plea proceedings, defendant waived his right to a suppression hearing, obviating the need for counsel to pursue the matter (see *People v Saxbury,* 95 AD2d 871). Further, a review of the record — which shows that defendant was arrested in close proximity in time and place to the scene of the crime, was implicated by his codefendant and had confessed a short time after his arrest — and the favorable plea negotiation reveal that defendant received meaningful representation (*People v Baldi,* 54 NY2d 137; see *People v Parch,* 59 NY2d 844; *People v Smith,* 59 NY2d 156; *People v Eddy,* 95 AD2d 956). Nor do we assign

---

* After defendant's first assigned counsel accepted a position with the Albany County District Attorney's office, a Special Prosecutor was appointed by order dated April 21, 1981.

error to counsel's failure to participate in defendant's application to withdraw his guilty plea since defendant was provided adequate opportunity to present his contentions and counsel's lack of participation worked no discernible prejudice (see *People v Friedman,* 39 NY2d 463; *People v Johnson,* 91 AD2d 782). Lastly, defendant's allegation that counsel misrepresented the sentencing terms of the plea bargain agreement and advised him not to mention that agreement to the court is belied by the minutes of the plea proceeding in which the trial court advised defendant of the potential maximum and minimum penalties for a class C felony conviction and emphasized that "absolutely no promises" as to sentencing had been made (see *People v Frederick,* 45 NY2d 520). That defendant claims otherwise merely presented a question of credibility for the trial court to resolve. Finally, the court did not abuse its discretion by imposing a sentence within the scope of a negotiated plea bargain and the applicable statutory guidelines (Penal Law, § 70.02). Nor has defendant presented any extraordinary circumstances such as to warrant a modification in the sentence. Judgment and order affirmed. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.