(January 31, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD IVAN MORRIS, Appellant. — Appeal from a judgment of the County Court of Cortland County (Mullen, J.), rendered November 16, 1983, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree.

Defendant was charged in two separate indictments with the crimes of criminal sale of a controlled substance in the third and fifth degrees and criminal possession of a controlled substance in the fourth, fifth and seventh degrees. Initially, he entered a plea of not guilty. However, on August 22, 1983, the day his trial was

scheduled to begin, defendant withdrew the not guilty plea and, pursuant to a plea-bargaining agreement, pleaded guilty to the crimes of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree.

On September 9, 1983, defense counsel notified the trial court that defendant wished to withdraw his guilty plea on the ground that it was the product of duress. Defendant alleged that his guilty plea had been coerced by a threat which he had received in jail on the eve of trial, when a fellow inmate warned him that he would be seriously injured or killed if he took the stand and mentioned the name of a certain defendant in another drug case.

Following a hearing on September 20, 1983, defendant's motion to withdraw his plea was denied. He was subsequently sentenced as a predicate felony offender, pursuant to the plea bargain, to a term of two to four years' imprisonment.

On this appeal, defendant contends that the trial court erred in denying his motion to withdraw his guilty plea. We disagree. At the guilty plea withdrawal hearing and in his subsequent appearances before the court, defendant raised his allegations of duress but failed to substantiate them with any supporting evidence. Accordingly, the trial court was faced only with the issue of defendant's credibility, which it resolved against him. It has been held that a defendant is not entitled to withdraw his guilty plea based solely on subsequent unsupported allegations of innocence (*People v Dixon,* 29 NY2d 55, 56-57; cf. *People v Flowers,* 30 NY2d 315, 317). This is especially true where, as here, the transcript of the plea hearing reveals that defendant's plea was voluntarily and knowingly made. In the instant matter, defendant was ably represented by an attorney with whom he stated that he had fully discussed the advisability of his guilty plea. Further, defendant admitted in his allocution the necessary elements of the crimes charged, and stated that he entered the plea voluntarily and understood the terms of the plea bargain. In turn, the trial court fully apprised defendant of the consequences of his plea (see *People v Eagan,* 90 AD2d 909; *People v Brockway,* 88 AD2d 1039, 1040). Given this exhaustive colloquy, it cannot be said that the court abused its discretion in subsequently denying defendant permission to withdraw his plea (see *id.*).

We are similarly unpersuaded by defendant's contention that the trial court erred in not holding a full blown evidentiary hearing on this issue. Only in rare instances will such a hearing be necessary (see *People v Tinsley,* 35 NY2d 926). However, in

this case, the record discloses that defendant and defense counsel were afforded ample opportunity to present evidence of defendant's allegations before the court and that they failed to do so. Accordingly, there is no indication that the court abused its discretion in failing to hold a full evidentiary hearing (see *People v Mangini,* 82 AD2d 940, 941).

Finally, we are unpersuaded by defendant's contentions that the trial court erred in not permitting him to proceed *pro se* and in not considering his *pro se* motions. The record reveals, first, that defendant at no time requested permission to proceed *pro se.* Second, defendant's counsel informed the trial court that the arguments made in defendant's handwritten *pro se* motion papers (which the court found illegible) had been incorporated in defense counsel's own motion papers. Accordingly, there was no need for the trial court to render separate decisions on each of defendant's *pro se* motions.

Judgment affirmed. Kane, J. P., Main, Casey and Weiss, JJ., concur.