THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL STUBBS, Appellant.

The defendant was accused in Queens County Indictment number 1582-78 of committing the crimes of criminal possession of stolen property in the first degree, criminal possession of stolen property in the second degree (two counts), criminal possession of stolen property in the third degree, and criminal possession of a hypodermic instrument. The defendant was also accused in Queens County Indictment number 1107-79 of committing the crimes of burglary in the third degree, criminal possession of stolen property in the first degree, attempted grand larceny in the second degree, and criminal mischief in the fourth degree.

A hearing was conducted by Justice Balbach on the defendant's motion to suppress statements he allegedly made to law enforcement officers and to suppress physical evidence, all of which the People intended to offer into evidence at the trial of Indictment number 1582-78. The court denied the defendant's motion in all respects.

On September 4, 1979, Justice Balbach granted the People's motion to consolidate Indictment number 1107-79 with Indictment number 1582-78, after which the defendant's counsel advised the court: "at this time your Honor, after consultation with my client, my client has authorized me to move this Court to

withdraw any previously entered pleas of not guilty and at this time offers to plead guilty to the crime of criminal possession of stolen property in the first degree, a Class D felony, under the first count of Consolidated Indictment Number 1582 of '78, to cover all counts set forth in Consolidated Indictment Number 1582 of 1978".

After being duly sworn, the defendant stated that he was satisfied by counsel's representation, that he was, in accordance with counsel's statement, offering to plead guilty to the crime of criminal possession of stolen property in the first degree, a class D felony, and that he was pleading voluntarily and that no promises had been made to induce him to plead guilty. He further acknowledged that the court could sentence him to an indeterminate term of imprisonment of up to seven years and that, since he had been previously convicted of a felony, he would be sentenced as a second felony offender to a minimum term of imprisonment of one half the maximum sentence imposed.

In response to the court's inquiries, the defendant stated his understanding that he was entitled to a jury trial and that he was entitled to confront witnesses, and further, that by pleading guilty "there is going to be no trial" and he was "waiving a jury trial". A factual basis for the plea was elicited, which included the defendant's admission that he was in possession of property worth more than $1,500, which property he knew was stolen.

Sentencing was scheduled for October 18, 1979. However, the defendant did not appear and a bench warrant was issued for his arrest.

On October 22, 1980, the defendant was arrested and, thereafter, moved *pro se* to withdraw his previously entered guilty plea. In his affidavit, the defendant alleged that "I am not guilty of the charges in the * * * indictment [as consolidated], and pleading to said indictments as they stand was the inducement by assigned counsel and the nature of the charges pending against me at this time. Thus [*sic*] put the fear in me to plead guilty for a crime I did not commit".

The People opposed the application, as well as a hearing on the application, relying primarily on the defendant's sworn statements made during the taking of the plea. The People also argued that the passage of time from the taking of the plea (September 4, 1979) to the defendant's arrest on the bench warrant (October 22, 1980) "has prejudiced the People's case and the defendant should not be allowed to profit by his failure to appear and the deception he alleges he perpetrated on the court when he pleaded guilty".

By order dated February 6, 1981, Justice Balbach denied the defendant's application to withdraw his plea, without a hearing.

On April 10, 1981, the defendant appeared before Justice Balbach for sentencing. The defendant was "[a]djudicated a predicate felon upon his admission". When asked if he wanted to make a statement, the defendant responded by rearguing his application to withdraw, in essence alleging that he was innocent of the charges and that his attorney coerced him into pleading guilty. The defendant's newly substituted attorney also made a statement concerning the application to withdraw. Justice Balbach read portions of the stenographic transcript of the plea proceedings into the record, after which, noting that "I made no promises", he denied the motion, and sentenced the defendant.

CPL 220.60 (3) in relevant part provides that, "At any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty to the entire indictment or to part of the indictment * * * to withdraw such plea, and in such event the entire indictment, as it existed at the time of such plea, is restored".

Motions to withdraw guilty pleas are addressed to the trial court's sound discretion (*People v Kelsch,* 96 AD2d 677). In this regard, the Court of Appeals stated in *People v Frederick* (45 NY2d 520, 524-525) that "[t]here exists no hard-and-fast rule which prescribes the nature and extent of the fact-finding procedures prerequisite to the disposition of motions to withdraw a plea of guilty previously entered * * * Rather, the Judge hearing the motion must exercise his discretion in affording defendant a reasonable opportunity to advance his claims from which an informed and prudent determination can be rendered. As we stated in *People v Tinsley,* (35 NY2d, at p 927, *supra*), '[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation * * * will suffice.'" (*Accord, People v Jenkins,* 90 AD2d 854; *People v Morris,* 107 AD2d 973.)

Review of the record in the case at bar reveals that the defendant was afforded a reasonable opportunity to advance his claims and that Criminal Term properly denied the motion to withdraw the defendant's plea of guilty to criminal possession of stolen property in the first degree, entered in full satisfaction of the consolidated indictment. The court was under no obligation to conduct a further inquiry or to conduct an evidentiary hearing on the defendant's application to withdraw, having considered the defendant's bald assertions of innocence and coercion in light of the defendant's written submission, oral argument at

the sentencing by the defendant and counsel, the testimony at the hearing on the defendant's motions to suppress, and the transcript of the taking of the plea.

Review of the record also reveals that the defendant's plea was voluntarily, knowingly, and intelligently entered (*see, People v Harris,* 61 NY2d 9). When called upon to do so, the defendant, without apparent hesitation or claims of innocence, acknowledged his guilt. Moreover, as a second felony offender, the defendant "was not a novice in criminal affairs and was, therefore, schooled in the nature of criminal proceedings" (*People v Frederick, supra,* p 525). This description is particularly apt because the defendant's predicate felony conviction was obtained as a consequence of his plea of guilty to attempted burglary in the third degree (*see, People v Fridell,* 93 AD2d 866).

In addition, as the recipient of a generous plea agreement, viz., a plea to one count of a nine-count consolidated indictment, the defendant's decision to plead guilty can only be viewed as rational (*see, People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Harris, supra*).

Finally, the court, having presided over the hearing on the defendant's motion to suppress, had the benefit of testimony concerning the defendant's admission allegedly made to law enforcement officers, as well as testimony linking the defendant to stolen property (*cf. North Carolina v Alford,* 400 US 25, 37-38).

Under the circumstances present herein, the denial of the defendant's motion to withdraw was not an abuse of discretion (*see, People v Dixon,* 29 NY2d 55; *People v Garrett,* 43 AD2d 503, *affd* 36 NY2d 727; *People v Annunziata,* 105 AD2d 709). Mollen, P. J., Mangano, Thompson and O'Connor, JJ., concur.