■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. AUSTIN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered October 30, 1984, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

On June 21, 1984, defendant waived indictment and entered a plea of guilty to a superior court information charging him with sexual abuse in the first degree in full satisfaction of three pending charges. Defendant moved to vacate the plea on October 25, 1984, contending that he did not realize its consequences and was innocent.'Prior to sentencing on October 30, 1984, County Court entertained defense counsel's arguments on the motion to vacate and then denied the motion without a hearing. Defendant declined the opportunity accorded to respond. He was then sentenced in accord with the terms of the plea bargain to a five-year period of probation with six months in jail.

On this appeal, defendant maintains that County Court failed to adequately apprise him of his constitutional rights before accepting the plea and abused its discretion in refusing

to vacate the plea without, at least, conducting a hearing on the matter. Neither contention has any merit. Our review of the plea allocution confirms that defendant reviewed the terms of the negotiated plea with his attorney, indicated that he was acting voluntarily, was advised by County Court that a plea was the equivalent of a conviction after a jury trial and admitted the conduct underlying the charge. Considering that defendant had numerous previous arrests and was thus familiar with the judicial setting, we find that he was adequately apprised of his rights, which he knowingly and intelligently waived *(see, People v Pratt,* 99 AD2d 909). That County Court did not specify the precise constitutional rights implicated certainly does not warrant a different conclusion *(see, People v Harris,* 61 NY2d 9, 16-17; *People v Brush,* 99 AD2d 564, 565, *lv denied* 62 NY2d 805).

Nor do we find any abuse of discretion in County Court's refusal to vacate the plea. Defendant failed to present any factual basis for his rather bald protestation of innocence, the delay for which he attributes to counsel. Moreover, since counsel was afforded ample opportunity to argue the motion, an evidentiary hearing was not required *(see, People v Stubbs,* 110 AD2d 725, 727; *People v Kelsch,* 96 AD2d 677, 678; *People v Jones,* 95 AD2d 869, 870; *People v Eagan,* 90 AD2d 909).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.