■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL A. NORMANDIN, Appellant.—Casey, J. Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered April 19, 1985, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In August 1984, defendant was charged with three counts of criminal sale of a controlled substance in the third degree, one count of criminal sale of a controlled substance in the second degree and one count of criminal possession of a controlled substance in the third degree. Following a *Huntley* hearing on February 1, 1985, County Court denied a motion to suppress defendant's written statement and certain physical evidence. Plea negotiations began after the commencement of jury selection on February 19, 1985. The prosecution started its case on February 21, 1985. On March 1, 1985, after a week of

trial, the prosecution called Michael Melvin Ackerman as a rebuttal witness. His testimony was objected to by defendant because Ackerman had not been listed on the prosecution's witness list. After hearing defense counsel on this witness's eligibility to testify and before making a decision thereon, County Court was approached by the parties with a plea bargain arrangement. This arrangement required defendant to plead guilty to a class B felony charge of criminal sale of a controlled substance in the third degree with a "clear allocution of the B felony and the crime" and with defendant "withdrawing * * * all motions and objections". In exchange for his plea, defendant was to be sentenced to an indeterminate prison term of 3 to 9 years. The prosecution was required to disclose Ackerman's testimony by an offer of proof, since Ackerman had not yet testified. After the prosecution did so, defendant, with his attorney present, pleaded guilty to the second count of the indictment and placed the plea agreement on the record. Specifically, defendant stated that he would withdraw all of his motions and objections, that he understood that his plea waived certain of his legal defenses including entrapment, and that the plea was entered into expressly and affirmatively after consultation with counsel. Defendant then admitted the underlying facts of the crime to which he pleaded guilty.

Pursuant to County Court's direction, defendant appeared for sentencing on March 27, 1985. Inasmuch as a confidential informant for the People, Donald Warner, had appeared before the court on his own initiative that morning and had made an unsworn statement, defense counsel was given an adjournment to assess the impact of Warner's statement. On April 19, 1985, defendant and his counsel again appeared for sentencing and at this time defense counsel made a lengthy oral motion to withdraw defendant's plea on the basis of the unsworn statement of Warner and on the offer of proof of Ackerman. Based on the plea bargain and its conclusion that defense counsel had always had access to the witness Warner and that the subsequent unsworn statement of Warner did not substantially alter his trial testimony, and because any objection thereto had been waived by the plea, County Court denied the motion to withdraw the guilty plea. After affording defendant the opportunity to speak on his own behalf, which was declined, the court sentenced defendant to the term promised.

We affirm. Defendant's knowing and intelligent plea waived all the factual defenses he could have interposed at trial (see,

*People v Taylor,* 65 NY2d 1), including the defense of entrapment *(see, People v Richards,* 89 AD2d 1043). The plea agreement was favorable to defendant *(see, People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067), who could have received 8⅓ to 25 years in prison for a conviction of each of the class B felony charges and 8⅓ years to life on the class A-1 felony charge.

Furthermore, in our view, despite ample opportunity to be heard on the withdrawal of his plea *(see, People v Luke UU.,* 99 AD2d 881), defendant never protested his innocence *(see, People v Dixon,* 29 NY2d 55, 57; *People v Johnson,* 91 AD2d 782, 783) or complained of the adequacy of his counsel *(see, People v Mangini,* 82 AD2d 940, 941) or the excessiveness of his sentence *(see, People v Nixon, supra).* Instead, he fully and frankly admitted his guilt of the crime to which he pleaded guilty without indicating any "trigger" requiring the court to make further inquiry in regard thereto. Therefore, County Court properly exercised its discretion in summarily denying defendant's motion to withdraw his plea *(cf. People v Brockway,* 88 AD2d 1039), since there was no adequate basis for the withdrawal motion *(see, People v Johnson, supra).* The judgment of conviction should in all respects be affirmed.

Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.