■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BULLOCK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered April 6, 1983, convicting him of attempted manslaughter in the first degree under indictment No. 245/82, upon his plea of guilty, and an amended judgment of the same court, also rendered April 6, 1983, convicting him of violation of probation under indictment No. 52/79, upon his plea of guilty, and imposing sentences.

Ordered that the judgment and amended judgment are affirmed.

The only issue that warrants our attention on these appeals

relates to the defendant's motion to withdraw his pleas of guilty prior to sentencing and for leave to submit a *pro se* suppression motion. The sentencing court denied the motion on the ground that at the plea proceedings, the defendant had knowingly and voluntarily waived his right to make such a suppression motion. It is apparent from the record that the defendant was well aware that he was waiving his right to make such a motion and to appellate review thereof by pleading guilty *(see, People v Williams,* 36 NY2d 829, *cert denied* 423 US 873; *People v Colarusso,* 103 AD2d 848). During the plea proceedings, the defendant knowingly and voluntarily waived his rights and allocuted as to the circumstances of the crime sufficiently to establish his guilt *(see, People v Harris,* 61 NY2d 9). Therefore, it was not an abuse of discretion for the sentencing court to deny the defendant's motion to withdraw his pleas of guilty *(see, People v Frederick,* 45 NY2d 520; *People v Stubbs,* 110 AD2d 725). Further, the defendant received the sentences he was promised *(see, People v Kazepis,* 101 AD2d 816). Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.