■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MELENDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered February 27, 1986, convicting him of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision of whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court (CPL 220.60 [3]; *People v Stubbs,* 110 AD2d 725, 727; *People v Kelsch,* 96 AD2d 677, 678). In the instant case, the plea was knowingly and voluntarily made in the presence of competent counsel after the court had fully apprised the defendant of the consequences of his plea. Significantly, the defendant's earlier admission of guilt was not accompanied by any claim of innocence. Inasmuch as

the defendant was afforded ample opportunity to state the basis for his withdrawal application, no error resulted from the absence of an evidentiary hearing with respect to his conclusory allegations that he was in fact innocent and that his lack of faith in counsel and his confusion at the time his plea was entered had resulted in an involuntary guilty plea *(see, People v Tinsley,* 35 NY2d 926; *People v Morris,* 107 AD2d 973, 975; *People v Kelsch, supra,* at 678). Mangano, J. P., Brown, Lawrence, Weinstein and Kunzeman, JJ., concur.