■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRIS HOWARD, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered March 24, 1983, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision of whether to permit a defendant to withdraw a previously entered guilty plea rests within the sound discretion of the sentencing court (CPL 220.60 [3]; People v Stubbs, 110 AD2d 725, 727; People v Kelsch, 96 AD2d 677, 678). In the instant case, the plea was knowingly and voluntarily made in the presence of competent counsel after the court had fully apprised the defendant of the consequences of his plea. Significantly, the defendant's earlier admission of guilt was not accompanied by any claim of innocence. Inasmuch as the defendant was afforded ample opportunity to state the basis for his withdrawal application, no error resulted from the absence of an evidentiary hearing with respect to his conclusory allegations that he was in fact innocent and that his fear of proceeding to trial had resulted in an involuntary guilty plea (see, People v Tinsley, 35 NY2d 926; People v Morris, 107 AD2d 973, 975; People v Kelsch, supra, at 678), particularly in light of the fact that the defendant was not unfamiliar with the criminal justice system, having previously been convicted of a felony.

In view of the defendant's failure to state adequate grounds for his motion to suppress identification evidence or to offer sworn allegations of fact in support thereof, and in view of the fact that the identifying witness knew the defendant prior to the commission of the crime (see, CPL 710.60), the court properly concluded that a pretrial Wade hearing was not warranted. Moreover, the court adequately protected the de-

fendant's rights by offering, prior to the entry of the plea, to conduct a hearing during trial if the evidence demonstrated that a hearing was necessary (see, People v Wicker, 72 AD2d 611, 612). Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.