■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COLON GOMEZ, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered January 8, 1986, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision as to whether to permit a defendant to withdraw a previously entered guilty plea rests within the sound discretion of the sentencing court (CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520, 524; *People v Stubbs,* 110 AD2d 725, 727; *People v Kelsch,* 96 AD2d 677, 678). In the instant case, the plea was knowingly and voluntarily made in the presence of counsel after the court had fully apprised the defendant of the consequences of his plea *(see, People v Harris,* 61 NY2d 9). Inasmuch as the defendant was afforded ample opportunity to state the basis for his withdrawal application after sentence, no error resulted from the absence of an evidentiary hearing with respect to the defendant's conclusory allegations that his attorney had misled him as to the sentence to be imposed. The defendant clearly acknowledged that no promises or threats had been made to him as an inducement to entering a guilty plea.

There is no evidence in the record to indicate that the defendant was deprived of meaningful representation by defense counsel *(see, People v Baldi,* 54 NY2d 137, 146-147).

Additionally, we find that the sentence imposed by the court was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contention and find it to be without merit. Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.