■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ROBERT L. BENOIT, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 1, 1986, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

In January 1986, defendant and a codefendant, Humberto Quitllet, were charged in a four-count indictment with the possession and sale of cocaine, a controlled substance. Pursuant to a negotiated bargain, defendant pleaded guilty to a reduced charge of criminal sale of a controlled substance in the second degree in full satisfaction of the indictment. During the plea colloquy, defendant acknowledged that he provided the cocaine which Quitllet sold, fully intending to share in the profits. At sentencing, defendant moved to vacate his guilty plea, contending that he had a valid entrapment defense. This application was precipitated by Quitllet's recent acquittal at trial on the basis of entrapment. County Court denied the application without a hearing and sentenced defendant in accord with the plea bargain to an indeterminate term of 8⅓-years-to-life imprisonment.

On this appeal, defendant argues that County Court abused its discretion in refusing to vacate the plea and that the sentence was excessive. We find neither contention persuasive. A guilty plea may not generally be withdrawn absent some evidence or claim of innocence, fraud or mistake in inducing the plea (see, People v Cooke, 61 AD2d 1060, 1061). Resolution of a withdrawal application rests within the trial court's discretion (CPL 220.60 [3]; see, People v Kelsch, 96 AD2d 677). Although no specific reference to entrapment was made, a review of the plea minutes confirms that defendant fully discussed the ramifications of his plea with counsel (compare, People v Johnson, 91 AD2d 782, 783). Defendant's suggestion that Quitllet's acquittal revealed previously unknown facts supporting an entrapment defense is sharply contradicted by his specific admission of a profit motive during the plea colloquy. Given these circumstances, County Court could readily determine that defendant's belated claim of entrapment was without substance (see, People v Austin, 117 AD2d 835, 836; People v Kelsch, supra; People v Johnson, supra).

Finally, we decline to disturb the sentence imposed, which was within the scope of the plea agreement and the pertinent statutory guidelines (see, Penal Law § 70.06 [3] [a]; [4] [a]).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.