■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FULLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J), rendered February 16, 1983, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in summarily denying the defendant's motion to withdraw his guilty plea, as the defendant was provided a reasonable opportunity to advance his claims and those claims were unsupported in the record (see, People v Frederick, 45 NY2d 520; People v Tinsley, 35 NY2d 926; People v Stubbs, 110 AD2d 725).

The defendant's contention that the court erred in accepting his plea because the factual allocution was insufficient is unpreserved for appellate review (see, People v Shukar, 135 AD2d 671) and, in any event, is not supported by the record.

Contrary to the defendant's contention, he was not entitled to an opportunity to withdraw his plea prior to the imposition of a sentence greater than the one bargained for (see, People v Annunziata, 105 AD2d 709). The promised sentence was conditioned upon the defendant's appearance on the date scheduled for sentence, and when the defendant failed to fulfill that condition the court was no longer bound by the promise and was free to impose a greater sentence (see, People v Warren, 121 AD2d 418; People v McDaniels, 111 AD2d 876; People v Gamble, 111 AD2d 869).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Bracken, Brown, Sullivan and Rosenblatt, JJ., concur.