■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST BROWNLEE, Appellant.—

The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court *(see, People v Rodriguez,* 150 AD2d 812; *People v Melendez,* 135 AD2d 660; *People v Stubbs,* 110 AD2d 725). There exists no hard-and-fast rule which sets forth the nature and extent of the fact-finding procedures necessary to the disposition of motions to withdraw

guilty pleas previously entered *(People v Tinsley,* 35 NY2d 926, 927). Rather, the Judge hearing the motion "must exercise his discretion in affording defendant a reasonable opportunity to advance his claims from which an informed and prudent determination can be rendered" *(People v Frederick,* 45 NY2d 520, 525).

In the instant case, the defendant knowingly and voluntarily made a complete and detailed plea allocution in the presence of competent counsel—with whom the defendant had expressed satisfaction at the time of the plea—after the court had fully apprised the defendant of the consequences of his plea *(see, People v Harris,* 61 NY2d 9). Since the court had the defendant's motion papers before it and afforded the defendant ample opportunity to substantiate his assertions at sentencing, the court properly proceeded to impose sentence *(see, People v Savio,* 117 AD2d 633; *People v McClendon,* 114 AD2d 425). Mangano, J. P., Bracken, Rubin, Kooper and Rosenblatt, JJ., concur.