THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST R. SIMONS, Appellant.—

We find that the defendant's *pro se* motion to withdraw his plea of guilty was properly denied since the plea was knowingly and voluntarily made, after the court had fully apprised him of the consequences of his plea (see, People v Harris, 61 NY2d 9).

Additionally, the record is devoid of facts to support the defendant's conclusory allegations that his plea should have been vacated and that he was entitled to the assignment of new counsel because he received a harsher term of imprisonment than that originally offered as a result of his attorney's ineffectiveness (see, People v Gomez, 142 AD2d 649; People v Melendez, 135 AD2d 660; People v Doherty, 134 AD2d 513). It is clear from the record that the defendant voluntarily accepted the terms that were offered and that he was afforded meaningful representation by defense counsel (see, People v Baldi, 54 NY2d 137), as evidenced by the fact that the plea offer was extremely favorable to him.

Finally, we note that defense counsel's failure to join in the defendant's *pro se* application to withdraw his plea did not

constitute ineffective assistance of counsel since the defendant was provided an adequate opportunity to present his contentions and defense counsel's actions in this regard worked no discernable prejudice *(see, People v Bell,* 141 AD2d 749; *People v Kelsch,* 96 AD2d 677; *People v Johnson,* 91 AD2d 782). Mollen, P. J., Brown, Kunzeman, Eiber and Miller, JJ., concur.