■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLPHUS JAMES, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered October 13, 1988, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence.

judgment of the Supreme Court, Kings County (Juviler, J.), rendered December 2, 1986, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

On December 20, 1985 the defendant followed the complainant into the lobby of a Brooklyn apartment building and pointed a gun at him. As this occurred, two of the defendant's accomplices robbed the complainant of his jewelry, wallet and car keys. The defendant and his accomplices then fled.

Two days later, the defendant was arrested in The Bronx driving the complainant's car, wearing one of his rings and in possession of a handgun. The complainant subsequently selected the defendant's photograph from an array and identified him in a lineup. A *Wade* hearing was held and testimony with respect to the foregoing identification procedures was adduced. During the hearing, the court denied the defendant's request that the complainant be produced for examination at the hearing. Thereafter, the court denied suppression, concluding that the identification procedures employed were not unduly suggestive. The defendant subsequently pleaded guilty to robbery in the first degree.

On appeal, the defendant asserts, *inter alia,* that the court improperly denied his request to compel the attendance of the complaining witness at the *Wade* hearing. We disagree. As the hearing court found, the hearing testimony of the police officers amply demonstrated that there was nothing unduly suggestive about the pretrial identification procedures utilized in this case. The defendant's conjecture that by calling the complainant to the stand he may have been able to elicit information establishing otherwise was nothing more than speculation. Accordingly, the court did not improvidently exercise its discretion in denying the defendant's request *(see, People v Chipp,* 75 NY2d 327).

Moreover, the court properly declined to permit the defendant to withdraw his previously entered plea of guilty. It is well settled that "[t]he decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court" *(People v Brownlee,* 158 AD2d 610; *People v Fuller,* 156 AD2d 377; *People v Rodriguez,* 150 AD2d 812; *People v Melendez,* 135 AD2d 660). At bar, the defendant knowingly and voluntarily

made a complete and detailed plea allocution in the presence of competent counsel, after the court had fully apprised him of the consequences of his plea *(see, People v Harris,* 61 NY2d 9). Further, when the defendant made his subsequent application to withdraw his guilty plea, the court afforded the defendant more than ample opportunity to fully articulate his contentions *(see, People v Frederick,* 45 NY2d 520, 525; *People v Tinsley,* 35 NY2d 926, 927), none of which merited vacatur of the plea. Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.