■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE LATIMER, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Douglass, J.), both rendered September 1, 1987, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, and criminal sale of a controlled substance in the third degree under Indictment No. 4566/85, and criminal possession of a controlled substance in the the third degree under Indictment No. 1869/86, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We disagree with the defendant's assertion that the trial court erred in denying his application to withdraw his guilty pleas based upon his claims of coercion and innocence, which were made at the time of sentencing. The determination of whether to allow a defendant to withdraw a guilty plea rests within the sound discretion of the trial court and should not be disturbed unless there is a clear abuse of that discretion (see, CPL 220.60 [3]; 380.30 [3]; People v Howard, 138 AD2d 525; People v Melendez, 135 AD2d 660; People v Stubbs, 110 AD2d 725). The record establishes that the defendant knowingly, intelligently and voluntarily entered his plea. The court ensured that a sufficient factual basis for the defendant's guilty pleas was established by having the defendant admit in his own words that on three occasions between June 26, 1985, and July 23, 1985, he sold narcotics to an undercover police officer, and that on March 21, 1986, he possessed more than an eighth of an ounce of cocaine with the intent to sell it. These admissions were unaccompanied by any protests of innocence. Moreover, the defendant's mere unsubstantiated claims of coercion and his protestations of innocence at sentencing were not sufficient to render the pleas procedurally or substantively defective (see, People v Billingsley, 54 NY2d 960,

961; *People v Barnett,* 136 AD2d 555; *People v Morris,* 118 AD2d 595, 596; *People v Stubbs, supra).* Accordingly, the court's denial of the defendant's request to vacate his pleas was proper *(see, People v Brown,* 126 AD2d 898, 899-900).

We have considered the defendant's remaining contention and find it to be without merit *(see, People v Kelsch,* 96 AD2d 677, 678). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ. concur.