■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DAVID SANTANA, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Marrus, J.), both rendered April 8, 1987, convicting him of sodomy in the first degree (two counts), sexual abuse in the first degree (two counts) and endangering the welfare of a child under Indictment No. 7249/86, and sodomy in the first degree (41 counts), sexual abuse in the first degree (two counts), sodomy in the second degree and endangering the welfare of a child under Indictment No. 751/87, upon his pleas of guilty, and imposing sentences. By decision and order dated December 26, 1989, this court remitted the matter to the Supreme Court, Kings County, to hear and report on the defendant's motion to withdraw his pleas, on which motion the defendant's appellate counsel was directed to represent him, and the appeal was held in abeyance in the interim *(People v Santana,* 156 AD2d 736). By order dated May 25, 1990, the Supreme Court, Kings County, denied, without a hearing, the defendant's application to withdraw his guilty plea.

Ordered that Justice Harwood has been substituted for former Justice Brown *(see,* 22 NYCRR 670.1 [c]); and it is further,

Ordered that the judgments are affirmed.

The determination as to whether to allow a defendant to withdraw a previously entered guilty plea rests within the sound discretion of the sentencing court (CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520, 524; *People v Stubbs,* 110 AD2d 725, 727). Only in rare instances will a defendant be entitled to an evidentiary hearing upon a motion to withdraw a guilty plea *(People v Tinsley,* 35 NY2d 926, 927; *People v Rodriguez,* 150 AD2d 812, 813).

The record in the instant case reveals that the defendant knowingly and voluntarily pleaded guilty in the presence of competent counsel after the court had advised him of the consequences of his plea. As a result of this court's decision and order remanding the matter to the Supreme Court, Kings County, for a new determination of the motion to withdraw subsequent to the assignment of new counsel *(People v Santana,* 156 AD2d 736, *supra),* the defendant was afforded ample opportunity to state the basis for his application to withdraw his plea after sentencing and the Supreme Court had his written motion papers before it. Under the circumstances, no error resulted from the absence of an evidentiary hearing with respect to his conclusory allegations that he had been confused at the time he entered his pleas, that his assigned counsel had pressured him, and that he was under the influ-

ence of medication which made him drowsy. The defendant had unequivocally acknowledged during his plea allocution that he had not been forced into entering his pleas and that he had had an adequate opportunity to confer with his attorney before doing so *(see, People v Rodriguez, supra; People v Gomez,* 142 AD2d 649; *People v Braun,* 133 AD2d 702). Accordingly, the defendant was not entitled to a withdrawal of his pleas.

Additionally, we find that the sentences imposed were not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Sullivan, Harwood and Balletta, JJ., concur.