■ The People of the State of New York, Respondent, v George Scialphi, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered November 20, 1989, convicting him of burglary in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The determination as to whether to allow a defendant to withdraw a guilty plea rests within the sound discretion of the sentencing court (CPL 220.60 [3]; *see, People v Payne,* 176 AD2d 827). The court here did not improvidently exercise its discretion in denying the defendant's motion to withdraw his guilty plea. The defendant knowingly and voluntarily pleaded guilty in the presence of competent counsel after the court had advised him of the consequences of his plea. His conclusory allegation at sentencing, that he had been coerced by his attorney into pleading guilty, did not provide a basis for withdrawal of his guilty plea *(see, People v Santana,* 176 AD2d

360); *People v Latimer,* 176 AD2d 350). Mangano, P. J., Lawrence, Rosenblatt and O'Brien, JJ., concur.