■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD WILLIAMS, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (Cowhey, J.), both rendered March 12, 1984, convicting him of rape in the first degree under Indictment No. 82-01140-01, and rape in the first degree under Indictment No. 82-01528-01, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

"The decision of whether to permit a defendant to withdraw a previously entered guilty plea rests within the sound discretion of the sentencing court" (People v Howard, 138 AD2d 525). The court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his guilty plea. The record reveals that the defendant knowingly and voluntarily pleaded guilty in the presence of competent counsel after the court had advised him of the consequences of his plea. The defendant's protestations at sentencing that he was coerced

into pleading guilty and did not understand the proceedings, are refuted by the record of the plea proceedings in which he expressly stated, while under oath, that he was not being coerced into pleading guilty, that he was pleading guilty freely and voluntarily, and that he was satisfied with the representation being given by his counsel (see, People v Brownlee, 158 AD2d 610). Thus, the defendant's protestations at sentencing did not provide a basis for withdrawing his pleas (see People v Santana, 176 AD2d 360; People v Latimer, 176 AD2d 350). Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.