PER CURIAM.
Jonathan Manley appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Manley contends that he received ineffective assistance from his trial attorney. The motion describes three separate omissions, of which two are without merit. First, Manley claims the right to belated appellate review based on counsel’s failure to file a notice of appeal. See State v. District Court of Appeal, First District, 569 So.2d 439 (Fla.1990). Included in the record is a “waiver of appeal” signed by Manley in which he states “it is my voluntary decision not to file an appeal in this case.” There is no allegation that this waiver form was the product of coercion or misinformation. Contrast Colon v. State, 586 So.2d 1305 (Fla. 2d DCA 1991) (postconviction relief available where counsel misled defendant about appellate rights). Accordingly, the trial court correctly denied relief on this ground.
A second claim is that counsel inexcusably failed to file a timely motion for new trial, thereby depriving Manley of his only opportunity for review of the weight of the evidence. At least one case does hold that such omission may constitute ineffective assistance. Robinson v. State, 462 So.2d 471 (Fla. 1st DCA 1984), rev. denied, 471 So.2d 44 (Fla.1985). However, Robinson has been appropriately described as a “unique situation” wherein it was clear the motion would have been granted. Crenshaw v. State, 490 So.2d 1054, 1055 (Fla. 1st DCA 1986). We agree with the First District in Williams v. State, 553 So.2d 309 (Fla. 1st DCA 1989), when they stated Robinson does not “establish[] a per se rule of entitlement to relief ... without regard to the underlying facts involved in the case.” In the present case Manley contends that the motion should have been filed because this case “could have gone either way.” However, we are not convinced of any strong likelihood a new trial would have been ordered. We therefore affirm the trial court on this point also.
The third claim raised in the motion does require remand for further consideration. Manley was convicted of several felony offenses stemming from an apparent “sting” operation in which he attempted to rob an armored ear. He claims to have been entrapped, and asserts that counsel’s efforts to establish this defense were inadequate.
Not surprisingly, our research has uncovered few cases defining what is and is not effective assistance when the defense of entrapment is available. This dearth of precedent stems, perhaps, from “the inherent difficulty of proving entrapment.” People v. Johnson, 91 A.D.2d 782, 783, 458 N.Y.S.2d 83, 84 (1982). We conclude that relief may be available where counsel “failed to take reasonable steps to find the witnesses who could have proved the element of improper inducement.” People v. Truly, 230 Ill.App.3d 948, 953, 172 Ill.Dec. 560, 563, 595 N.E.2d 1230, 1233 (1992). See also People v. Solomon, 158 Ill.App.3d 432, 110 Ill.Dec. 698, 511 N.E.2d 875, app. den., 117 Ill.2d 552, 115 Ill.Dec. 408, 517 N.E.2d 1094 (1987). In the present case, unlike *1329 Martinelli v. State, 467 So.2d 841 (Fla. 4th DCA 1985), the petitioner has set out both a detailed recitation of facts and the specific measures he believes counsel should have taken. Neither the state’s response to Manley’s motion nor the trial court’s order sufficiently refute this portion of the motion.
After remand the trial court should reexamine the files and records in this case to determine whether anything therein conclusively demonstrates that counsel was not ineffective in his pursuit of an entrapment defense. If so, the court may again deny the motion, attaching to its order whatever documentation it has relied upon in support of its finding. If not, an evidentiary hearing may be necessary. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further review.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and FRANK and PARKER, JJ., concur.