■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED SAUNDERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), dated January 23, 1990, as amended by judgment of the same court, rendered May 2, 1990, convicting him of criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the first degree (three counts), criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled

substance in the third degree (six counts) and criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The decision of whether to permit a defendant to withdraw a previously entered guilty plea rests in the sound discretion of the sentencing court (see, CPL 220.60 [3]; *People v Howard,* 138 AD2d 525; *People v Melendez,* 135 AD2d 660). The record reveals that the court carefully considered the defendant's claims, engaging in a ten-month investigation which involved subpoenaing medical records and reviewing the plea negotiations to ascertain whether the defendant was medicated at the time of the plea and whether he was indeed satisfied with the quality of his representation.

As the plea was knowingly and voluntarily made in the presence of competent counsel after the court had fully apprised the defendant of the consequences of his plea, there was no error in the refusal of the court to conduct an evidentiary hearing, particularly since the defendant was no stranger to the criminal justice system. Further, the defendant's earlier admission of guilt was not accompanied by any claim of innocence. There was no basis for holding a hearing merely because of the defendant's bald allegations that he was only afforded 30 seconds to make his decision regarding the plea in light of the fact that when the court remarked that the defendant and his counsel had conferred for close to an hour, the defendant responded that he and his attorney had been discussing the propriety of entering into the plea. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.