■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT SEARS, Appellant. [614 NYS2d 207] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Rappaport, J.), rendered November 18, 1991, convicting him of manslaughter in the first degree and attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's assertion that the trial court erred in denying his *pro se* application at sentencing to withdraw his plea of guilty based upon allegations of coercion and innocence. The determination of whether to allow a defendant to withdraw a plea of guilty rests within the sound discretion of the trial court *(see, People v Lisbon,* 187 AD2d 457; *People v Lewis,* 170 AD2d 538; *People v Hagzan,* 155 AD2d 616). The defendant knowingly and voluntarily pleaded guilty in the presence of competent counsel after the court had advised him of the consequences of his plea during a thorough and meticulous plea allocution. Although the defendant alleged that he was coerced into pleading guilty by his attorney and that he was innocent, his conclusory claims were not supported by evidence *(see, People v Irizzary,* 125 AD2d 589; *People v Bangert,* 107 AD2d 752). The defendant's bare assertion of innocence and his belated assertion that he was coerced by his attorney into pleading guilty were flatly refuted by the record of the plea proceedings and the testimony adduced at a hearing on the defendant's motion. At the plea proceedings, the defendant stated under oath that he was not being coerced into pleading guilty, and his attorney's testimony at the hearing on the defendant's motion similarly belied his belated claims of coercion.

We further note that the defendant knowingly and voluntarily waived his right to appellate review as part of his plea agreement, in exchange for his agreed-upon sentence *(see, People v Seaberg,* 74 NY2d 1). Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.