■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SADIQ HAKIM, Appellant. [627 NYS2d 987] —Appeal by the defendant from a judgment of the County Court, Westchester County (Angiolillo, J.), rendered May 21, 1994, convicting him of attempted robbery in the first degree and robbery in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The determination of whether to allow a defendant to withdraw a plea of guilty rests within the sound discretion of the trial court *(see,* CPL 220.60 [3]; *People v Sears,* 204 AD2d 578, 579; *People v Lisbon,* 187 AD2d 457; *People v Lewis,* 170 AD2d 538). Where, as here, the defendant knowingly and voluntarily pleaded guilty *(see, People v Harris,* 61 NY2d 9, 16) in the presence of competent counsel, with whom he expressed satisfaction, after the court had advised him of the consequences of his plea during a thorough and meticulous plea allocution, the court properly denied the defendant's motion to withdraw the plea. Although the defendant alleged that he was coerced into pleading guilty by his attorney and that he was innocent of attempted robbery in the first degree, his claims were not supported by the evidence and/or the minutes of the plea proceedings.

As part of his plea agreement, the defendant knowingly and voluntarily waived his right to appellate review of his conviction and sentence. Consequently, he is foreclosed from seeking review of the latter at this time *(see, e.g., People v Allen,* 82 NY2d 761; *People v Burk,* 181 AD2d 74). In any event, since the sentence imposed was the one promised and negotiated for, there is no reason for this Court to set it aside. Concur—Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.