■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON HUTCHINSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Barlow, J.), rendered December 4, 1979, convicting him of robbery in the third degree and assault in the third degree, after a nonjury trial, and imposing sentence. Judgment modified, on the law, by reversing the conviction of assault in the third degree, vacating the sentence imposed thereon, and dismissing the count of the indictment upon which said conviction is based. As so modified, judgment affirmed. Defendant was indicted, *inter alia,* for assault in the second degree pursuant to subdivision 6 of section 120.05 of the Penal Law in that, in the course of and in furtherance of the attempted commission of a robbery, he caused physical injury to the complainant. As the People concede, it was error for the court to find defendant guilty of assault in the third degree. That crime was neither charged in the indictment nor a lesser included offense of felony assault, inasmuch as under each subdivision of section 120.00 of the Penal Law, a particular culpable mental state is required, whereas in the definition of felony assault, a strict liability offense, mental state plays no part (see Penal Law, § 15.10; *People v Green,* 56 NY2d 427, 429, 431; see, also, *People ex rel. Gray v Tekben,* 57 NY2d 651, 653, affg 86 AD2d 176; *People v Miguel,* 53 NY2d 920, 923). We have considered the other contentions raised by defendant and find them to be without merit. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE JENKINS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered December 10, 1980, convicting him of burglary in the third degree, grand larceny in the second degree, and criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant contends, *inter alia,* that the court erred in denying, without a hearing, his motion to withdraw his guilty plea. When an application is made to withdraw a guilty plea, the court should, except under special circumstances, either grant the application or else make reasonable inquiry to determine whether the application has merit (see *People v Frederick,* 45 NY2d 520; *People v Rodriquez,* 90 AD2d 489). However, it is only in a rare instance that an evidentiary hearing will be required (see *People v Tinsley,* 35 NY2d 926). In this case, prior to pleading guilty, the defendant consulted, not only with his attorney, but also with his brother-in-law, a police officer. The inquiry conducted by the court (which was the same court which presided over the defendant's *Huntley* hearing and which accepted his plea of guilty) was legally sufficient to establish that the defendant's application lacked merit. We have considered the defendant's remaining contention and find that it, too, is lacking in merit. Weinstein, J. P., Gulotta, Niehoff and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MALDONADO, Appellant. — Judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered June 29, 1981, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Weinstein, J. P., Gulotta, Niehoff and Rubin, JJ., concur.