◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE JOHNSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County (Ingrassia, J.), rendered April 29, 1982, convicting him of attempted murder in the first degree, upon his plea of guilty, and imposing sentence of 15 years to life imprisonment.

Judgment affirmed.

The court did not abuse its discretion in denying, without an evidentiary hearing, defendant's applications to withdraw his plea of guilty to attempted murder in the first degree in full satisfaction of the indictment. In support of his applications to withdraw, defendant made only bald, conclusory allegations "that he did not merit the attempted murder charge" and that he "was innocent of the charges". However, during the plea allocution, a factual basis for the charge was elicited, which included defendant's admission that he fired a 20-gauge shotgun at the door and that he knew there were policemen on the other side of the door. The plea minutes also show that the admission of guilt was not accompanied by any protestations of innocence. Furthermore, the record reveals that defendant's plea was voluntarily, knowingly and intelligently entered (*see, People v Harris,* 61 NY2d 9) and that defendant was the recipient of a generous plea agreement, i.e., in exchange for the plea of guilty, the court promised to impose the minimum sentence of 15 years to life imprisonment to run concurrently with a prior sentence of 12½ to 25 years' imprisonment imposed upon defendant for a related conviction of attempted murder in the second degree. Based upon the record, defendant was not entitled to withdraw the plea, nor was this case one of those rare instances in which an evidentiary hearing was required (*see, People v Matta,* 103 AD2d 756, *lv denied* 63 NY2d 777; *People v Stubbs,* 110 AD2d 725). Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.