■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS COLON, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Kings County (Douglass, J.), both rendered September 10, 1984, convicting him of two counts of criminal sale of a controlled substance in the third degree, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

Defendant's contention that the court erred in failing to order a hearing on his application to withdraw his guilty pleas is without merit. A defendant who requests to withdraw his plea at the time of sentencing must be given a reasonable opportunity to advance his claims *(see, People v Frederick,* 45 NY2d 520, 525). "[However, o]nly in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice" *(People v Tinsley,* 35 NY2d 926, 927).

The record in this case supports the court's determination that defendant's claims did not warrant further investigation. Defendant entered his guilty pleas voluntarily and intelligently and admitted in his own words his guilt to the crimes charged. Sentencing was conducted by the same court that presided at defendant's plea and suppression hearings, and the court repeatedly noted the admissions made by defendant at his plea allocution in denying the application to withdraw his guilty pleas. There being nothing in the record that lends any credence to defendant's bald conclusory allegations of innocence and misunderstanding, we find no error in the court's failure to order a further inquiry into his claims *(cf. People v Jenkins,* 90 AD2d 854; *People v Matta,* 103 AD2d 756). Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.