■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY KAFKA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered April 16, 1985, convicting him of criminal possession of stolen property in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed and the case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The trial court properly exercised its discretion in denying without a hearing the defendant's motion to withdraw his plea of guilty. The record reveals that the defendant voluntarily, knowingly and intelligently entered his plea of guilty *(see, People v Harris,* 61 NY2d 9), acknowledging his guilt "without apparent hesitation or claims of innocence" *(People v Stubbs,* 110 AD2d 725, 728). The defendant was afforded a reasonable opportunity to advance his claims by the court, which had presided over the suppression hearing and thus had the benefit of testimony linking the defendant to the stolen property which was the subject of the indictment *(see, People v Colon,* 114 AD2d 967; *People v Stubbs, supra),* yet the defendant failed to substantiate his bald allegations of innocence, coercion and ignorance as to the ramifications of the plea, which were rendered particularly unpersuasive in light of his prior experience with the law *(see, People v Morris,* 118 AD2d 595; *People v Colon, supra).*

The defendant's claim that he was deprived of the effective assistance of counsel because his attorney "ineptly" advised him to plead guilty following a suppression hearing which revealed "clear" 4th Amendment violations is unpersuasive. The defendant knowingly waived his right to appeal the suppression determination by withdrawing all motions made prior to entering his plea of guilty *(see, People v Williams,* 36 NY2d 829, *cert denied* 423 US 873; *People v Feingold,* 125 AD2d 587). We reject the defendant's argument and find that "the evidence, the law and the circumstances of [this] particular case" *(People v Satterfield,* 66 NY2d 796, 798-799) reveal that meaningful representation was provided and that the defendant was afforded the effective assistance of counsel. Brown, J. P., Niehoff, Eiber and Sullivan, JJ., concur.