■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHON KORNEGAY, Appellant.—Kane, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered February 17, 1987, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

Defendant pleaded guilty to the crime of burglary in the first degree in full satisfaction of a seven-count indictment and was sentenced as a second felony offender to a prison term of 6 to 12 years. At his sentencing hearing, defendant expressed dissatisfaction with the representation he received from counsel and stated that he wished to appeal. County Court rejected these claims and proceeded to sentence defendant. In appealing his conviction, defendant first contends that he was improperly denied the opportunity to withdraw his guilty plea.

We disagree. Initially, we note that defendant failed to properly preserve this issue for our review since he never moved to withdraw his plea or to vacate his conviction *(see, People v Claudio,* 64 NY2d 858, 859). However, even if it is accepted that defendant's statements properly preserved this issue for our review *(see, People v Langhorn,* 119 AD2d 844, *lv denied* 68 NY2d 758), defendant's arguments were nevertheless properly rejected by County Court. The record reveals that during defendant's initial plea, in response to questions by County Court, defendant indicated that his plea was voluntary, that he had not been threatened or coerced and that he was satisfied by his counsel's representation *(see, People v Kafka,* 128 AD2d 895, *lv denied* 69 NY2d 951). He also admitted his guilt to the crime of burglary in the first degree and made no claims of innocence *(see, supra).* The court accepted the plea only after it fully apprised defendant of its consequences, ascertained that defendant was guilty as charged and confirmed that the plea was voluntary *(see, People v Harris,* 103 AD2d 891).

Additionally, defendant never asserted his innocence at sentencing *(see, People v Freeman,* 96 AD2d 867; *cf., People v Rodriquez,* 90 AD2d 489). His assertions concerned representation of counsel and were conclusory in nature; in view of defendant's plea before the same Judge present at his sentencing and since no showing was made to support defendant's assertions, County Court properly proceeded to impose sentence without making further inquiry *(see, People v Brown,* 110 AD2d 902, 903; *People v Jenkins,* 90 AD2d 854).

Defendant also argues that his sentence was unduly harsh and excessive. In rejecting this claim, we note that the sen-

tence defendant received was in accord with the plea bargain agreement and was also not the maximum which could have been imposed under the circumstances *(see,* Penal Law § 70.06 [3] [b]; [4] [b]).

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.