■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY SMITH, Appellant.—Judgment unanimously affirmed.

Memorandum: Defendant contends that he was denied his statutory right to appear and testify before the Grand Jury pursuant to CPL 190.50 (5) (a). Defendant, by pleading guilty, forfeited appellate review of a claimed violation of this right (see, People v Ferrara, 99 AD2d 257, 259; see also, People v Taylor, 65 NY2d 1; People v Roberson, 149 AD2d 926, lv denied 74 NY2d 746; People v Grey, 135 AD2d 1031, 1031-1032; People v Kehn, 132 AD2d 778, 779, lv denied 70 NY2d 800; People v Prest, 105 AD2d 1078, 1079). Moreover, the record demonstrates that the District Attorney's office complied with its statutory obligation by notifying both defendant and his attorney of the date of the prospective Grand Jury proceeding and by affording defendant a reasonable time to exercise his right to appear as a witness therein (see, CPL 190.50 [5] [a]).

The trial court properly exercised its discretion in denying, without a hearing, defendant's motion to withdraw his plea of guilty. The record reveals that defendant voluntarily, knowingly and intelligently entered his plea of guilty. Defendant was afforded a reasonable opportunity to advance his contentions by the court, which had presided over the suppression hearing and thus had the benefit of eyewitness testimony linking defendant to the attempted burglary (see, People v Kafka, 128 AD2d 895, lv denied 69 NY2d 951), yet defendant failed either to substantiate his belated protestations of innocence or his conclusory assertions that his guilty plea was induced by coercion (see, People v Kafka, supra; People v Morris, 118 AD2d 595, lv denied 67 NY2d 947; People v Colon, 114 AD2d 967, lv denied 67 NY2d 650). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—attempted burglary, third degree.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.