■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANET SEAVEY, Appellant.—Weiss, J. P. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered September 21, 1990, convicting defendant upon her plea of guilty of two counts of the crime of grand larceny in the third degree.

On August 31, 1990 defendant pleaded guilty to two counts of grand larceny in the third degree. The guilty plea contained

a waiver of defendant's right to appeal. The charges emanated from her issuance of a check in the sum of $15,770 for the purchase of a 1990 Chevrolet pickup truck and the issuance of another check two days later in the sum of $13,372 for the purchase of an automobile, and that she lacked sufficient funds to cover each check. The guilty plea was made pursuant to a plea bargain negotiated by her assigned counsel pursuant to which she would receive concurrent prison sentences of 2 to 4 years as a second felony offender. Between that date and September 21, 1990, on which she was to be sentenced, defendant wrote several letters to her attorney, County Court, and the District Attorney in which she stated her desire to withdraw the guilty plea and be given other counsel.

When defendant appeared for sentencing, County Court asked in specific and direct language whether she still wanted to withdraw her plea and, if so, on what basis. Defendant responded in unambiguous and unequivocal words, "At this time Your Honor you can just go ahead with the presentence or the plea bargain and sentence me." When asked, "Are you saying that you do not wish to withdraw your plea?" she responded, "I do not wish to withdraw." A lengthy, detailed colloquy followed in which defendant acknowledged that she had committed the crimes and acknowledged each and every right waived by her plea. On this appeal defendant urges that she was denied an opportunity to discuss her plea with "another individual", that her plea was not "knowing and voluntary" and that she was denied effective assistance of counsel. We disagree and affirm.

Initially, we note that defendant failed to properly preserve her contentions for our review because she neither moved to withdraw her plea before sentencing nor raised the issue by a motion to vacate the judgment of conviction (see, People v Kornegay, 146 AD2d 946, lv denied 73 NY2d 1017; see also, People v Claudio, 64 NY2d 858).

Were we to reach the merits, we would nonetheless affirm the judgment because the record belies all of defendant's arguments. Moreover, defendant never asserted her innocence (see, People v Freeman, 96 AD2d 867). Her assertions concerning ineffective representation of counsel were conclusory in nature and lacked any showing to support those assertions (see, People v Kornegay, supra; see also, People v St. John, 163 AD2d 687, 688, lv denied 76 NY2d 944). Finally, it has been well established that criminal defendants may waive the right to appeal as part of a negotiated plea bargain (see, People v Seaberg, 74 NY2d 1).

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the appeal is dismissed.