■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR DIONISIO, Appellant.

On April 4, 1988, the defendant, while holding his infant son in his arms, acted as a lookout for an accomplice who sold more than two kilos of cocaine to an undercover officer. Defendant, who speaks little English, was represented by four different attorneys during the various stages of this criminal proceeding. At the time of plea, while represented by his third attorney, the defendant admitted serving as a lookout for a drug transaction with the expectation of receiving a small amount of drugs. An interpreter was present. A review of the plea allocution shows that it was knowing and voluntary.

At sentence, while represented by his fourth attorney, the defendant moved to withdraw his plea claiming that he was innocent and that his previous lawyer coerced him into pleading guilty by supplying him with the answers to the court's questions at plea. The sentencing court made inquiry concerning these claims and then denied the motion and imposed sentence. The same Judge who was present at all stages of the proceedings, thus far, conducted the inquiry.

On appeal the defendant claims that he was entitled to a full hearing on his motion to withdraw the plea. We disagree.

A review of the sentencing minutes show that the court's inquiry at sentencing was sufficient. Only in rare instances will a defendant be entitled to an evidentiary hearing, when a limited interrogation will not suffice. (*People v Colon,* 114 AD2d 967.) Concur—Murphy, P. J., Carro, Rosenberger, Ross and Rubin, JJ.