■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CANDIDO BAEZ, Appellant.—Judgment, Supreme Court, New York County (Joan Carey, J., at plea and sentence), rendered February 27, 1990, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to a term of 2 to 6 years, to run consecutive to a previously imposed aggregate sentence of 27⅓ years to life, unanimously affirmed.

On July 29, 1988, the defendant struck the complainant on the throat with a metal "slapper", a tool used in breaking into cars, when the complainant interrupted the defendant's attempt to remove complainant's ignition switch. At the sentencing, 1½ years later, the defendant claimed that his attor-

neys coerced him into pleading guilty, and that there was no proof that he entered or damaged the complainant's car. The court denied the motion, finding that the plea was knowing and voluntary.

On appeal the defendant claims that he should have been granted a hearing on his motion to withdraw his plea and his plea should be vacated.

A review of the record reveals that the plea was knowing and voluntary. A court may properly deny, without a hearing, the defendant's motion to withdraw his plea, where he failed to substantiate his allegations of innocence, coercion and ignorance as to the ramifications of the plea, after meaningful representation had been provided (*People v Kafka,* 128 AD2d 895). Concur—Milonas, J. P., Wallach, Asch and Rubin, JJ.