■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE R. TOWER, Appellant. [684 NYS2d 453] —Judgment unanimously affirmed. Memorandum: By pleading guilty, defendant waived his contention that he was denied the right to appear before the Grand Jury (*see, People v Franklin*, 232 AD2d 577, *lv denied* 89 NY2d 985; *People v Dennis*, 223 AD2d 814, *lv denied* 87 NY2d 972; *People v Smith*, 168 AD2d 915, 916, *lv denied* 77 NY2d 911). Further, defendant failed to move to dismiss the indictment on that ground within five days of his arraignment, thereby waiving his right to contend at a later time that he was denied the right to appear (*see,* CPL 190.50 [5] [c]; *People v Valle*, 198 AD2d 459, *lv denied* 82 NY2d 932).

The record does not support defendant's contention that the affidavit of the informant was not considered by the Town Court Justice as part of the search warrant application. The contention raised in defendant's brief with respect to that application is based upon matters dehors the record, and thus is not properly before this Court (*see, People v Thayer*, 210 AD2d 977; *People v Rodriguez*, 123 AD2d 405, 406, *lv denied* 69 NY2d 832). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN D. GREINER, Appellant. [684 NYS2d 925] —Judgment unanimously reversed on the law and declaration of delinquency dismissed. Memorandum: Supreme Court's finding that defendant violated a condition of probation is not supported by a preponderance of the evidence (*see,* CPL 410.70 [3]). The People failed to establish that defendant operated his employer's motor vehicle in violation of the limitations of Vehicle and Traffic Law § 1198 (9). Furthermore, contrary to the People's contention, the record does not establish that the court, in granting defendant's request for a post-revocation conditional license, did not intend that defendant be given the benefit of section 1198 (9). (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Violation of Probation.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.