■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LESESNE, Appellant.—Judgment, Supreme Court, New York County (Allen Alpert, J., at hearing, plea and sentence), rendered June 16, 1988, convicting defendant, upon his guilty plea, of attempted robbery in the second degree, and sentencing him as a violent predicate felon to an indeterminate prison term of from 2½ to 5 years, unanimously affirmed.

On appeal, defendant contends that the court abused its discretion in summarily denying his motion to withdraw his previously entered plea of guilty, on the ground that he was not aware that the co-defendant's plea allocution would be inadmissible in evidence against him at trial. We disagree. It is well-settled that a defendant is not entitled to withdraw his guilty plea merely because he discovers that he misapprehended the quality of the State's case *(see, Brady v United States,* 397 US 742, 757; *People v Jones,* 44 NY2d 76, 81, *cert denied* 439 US 846). Bare allegations of innocence are also insufficient *(People v Cooke,* 61 AD2d 1060). As the sentencing court allowed defendant a reasonable opportunity to present his contentions, the motion was properly denied without a hearing *(People v Tinsley,* 35 NY2d 926). Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Smith, JJ.