■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL JUNCO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered August 17, 1990, convicting him of criminal mischief in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision as to whether to permit a defendant to withdraw his or her guilty plea rests within the sound discretion of the sentencing court (see, CPL 220.60 [3]; People v Brown, 142 AD2d 683; People v Melendez, 135 AD2d 660). In the present case, the defendant voluntarily and knowingly entered into the guilty plea with the assistance of competent counsel and only after the court had apprised him of the consequences. Further, the defendant made no claims of innocence at the plea proceeding. Rather, he freely admitted the acts constituting the crime to which he was pleading guilty. The defendant's assertion that he pleaded guilty because he feared that he would be convicted of the remaining counts of the indictment and that he only realized after he pleaded guilty that the People's case was weaker than he had thought was insufficient to warrant withdrawal of the guilty plea (see, People v Lesesne, 173 AD2d 407). Thus, under the circumstances of this case, it was not an improvident exercise of discretion to deny the defendant's motion to withdraw his guilty plea without first holding a hearing (see, People v Frederick, 45 NY2d 520; People v Tinsley, 35 NY2d 926; People v Lesesne, supra; People v Fuller, 156 AD2d 377). Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.