■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM CHESTNUT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered June 13, 1991, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence as a second-felony offender.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new second-felony offender adjudication and for resentencing.

The defendant contends that the court erred in failing to

conduct a hearing as to the defendant's status as a second-felony offender. During the plea proceedings, the court arraigned the defendant on the predicate felony statement. When the court asked the defendant if he was "raising any objections to the previous conviction as to a violation of your constitutional rights", the defendant answered "Yes". The court failed to inquire further, except to ascertain that the defendant was "the person in fact named". In view of the defendant's indication that he was challenging the previous felony conviction on constitutional grounds, the court was obligated to conduct a further inquiry to ascertain the nature of the defendant's constitutional challenges, and to conduct a hearing thereon (see, CPL 400.21; People v Davis, 144 AD2d 688). Accordingly, the matter is remitted to the Supreme Court, Kings County, for a new second-felony-offender adjudication and resentencing.

Contrary to the defendant's contention, the court did not improvidently exercise its discretion in denying the defendant's application to withdraw his plea of guilty without conducting a hearing. Since there was nothing in the record to suggest that the defendant's plea was either improvident or baseless, the defendant's bare assertion that he was innocent and that he was ill-advised by his attorney is insufficient to warrant withdrawal of the plea (see, People v Bourdonnay, 160 AD2d 1014). The defense counsel's performance amply met the standard of meaningful representation as evidenced by the favorable plea bargain, which permitted the defendant to plead guilty to a reduced charge in exchange for a moderate sentence (see, People v Shropshire, 154 AD2d 719).

We have considered the defendant's remaining contentions and find that they are without merit. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.