■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DERRICK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerschwer, J.), rendered November 12, 1991, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, the defendant's motion to vacate his plea of guilty is granted, the plea is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant was arrested as a result of his alleged partici-

pation in the theft of an answering machine on August 27, 1991. Three days later, the defendant appeared in the Supreme Court, Kings County, executed a waiver of his right to have the matter presented to a Grand Jury, and consented to being prosecuted under Superior Court Information 10667/91. The court conducted a cursory examination regarding the defendant's participation in the theft, and ascertained from the defendant that "Me and two other gentlemen went into a store. One of the persons ran out with an answering service machine, and the other one hit the man in the chest." The defendant pleaded guilty to one count of robbery in the third degree in exchange for a promised sentence of two and one half to five years imprisonment.

Prior to sentencing, the defendant submitted a *pro se* motion to withdraw his plea. The defendant's inarticulate affidavit in support of the motion alleged, *inter alia,* that the plea was not voluntary. The defendant's motion was denied without a hearing.

The defendant appeared for sentencing on November 12, 1991, with newly-assigned counsel. At sentencing, the defendant renewed his request to withdraw his plea, proclaiming his innocence. The court summarily denied the defendant's application and imposed the agreed-upon sentence of two and one half to five years imprisonment.

Under the circumstance of this case, including the court's meager inquiry into the defendant's alleged participation in the theft, his prompt request to withdraw his plea *(see, People v McClain,* 32 NY2d 697), and the defendant's proclaimed innocence, we find that the defendant's motion to vacate his plea of guilty should have been granted *(see,* CPL 220.60 [3]; *cf., People v Chestnut,* 188 AD2d 480 [decided herewith]). Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.