considered the factors delineated in Correction Law § 753 in determining that both the "direct relationship" and the "unreasonable risk" exceptions (Correction Law § 752 [1], [2]) apply *(see, Matter of Bonacorsa v Van Lindt,* 71 NY2d 605; *Matter of Hughes v Shaffer,* 154 AD2d 467, 468; *cf., Matter of Marra v City of White Plains,* 96 AD2d 17). (Article 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Mordue, J.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STERLING AYERS, Appellant. (Appeal No. 1.) [596 NYS2d 630] — Judgment unanimously affirmed. Memorandum: Upon defendant's guilty plea, County Court expressly conditioned its sentence promise on defendant not being arrested between the date of the plea and the day of sentencing. That condition was properly imposed *(see, People v Outley,* 80 NY2d 702). Defendant was arrested before the day of sentencing while committing a burglary, and the court imposed a greater sentence than that originally promised. Although the court did not inquire further into the circumstances of the subsequent arrest, defendant was given ample opportunity to address the court, raised no question about the validity of the arrest and did not deny involvement in the underlying burglary. In those circumstances, the trial court properly imposed sentence.

There is no merit to defendant's contention that the trial court abused its discretion in denying his motion to withdraw his guilty plea. Defendant's argument that the plea was entered under duress resulting from a painful back condition was supported only by his own statements. The plea colloquy demonstrated a knowing and voluntary plea with no indication that it was being entered under duress. Moreover, at sentencing both defendant and his attorney were given a meaningful opportunity to argue that defendant should be allowed to withdraw his plea *(see, People v Tinsley,* 35 NY2d 926, 927). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Burglary, 2nd Degree.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STERLING AYERS, Appellant. (Appeal No. 2.) [596 NYS2d 744] — Judgment unanimously affirmed *(see, People v Ayers,* 192 AD2d 1134 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Weapon, 3rd

Degree.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD AKEL, Appellant. [598 NYS2d 756] —Judgment unanimously affirmed (see, People v Goforth, 191 AD2d 968; People v Saunders, 190 AD2d 1092). (Appeal from Judgment of Monroe County Court, Contiguglia, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, P. J., Pine, Balio, Boomer and Davis, JJ.

■ In the Matter of CAMPERLINO AND FATTI BUILDERS, INC., Appellant, v FRED CANNIZZO et al., Constituting the Planning Board of the Town of Camillus, Respondents. [598 NYS2d 751] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Murphy, J. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Article 78.) Present—Callahan, J. P., Lawton, Fallon, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD E. LANE, Appellant. [598 NYS2d 746] —Judgment unanimously affirmed. Memorandum: Defendant's motion to suppress identification testimony was properly denied. Defendant contends that the lineup identification procedure was impermissibly suggestive because three of the witnesses to one of the robberies waited together for the lineup. The record fails to support that contention. All three witnesses unequivocally testified that they did not discuss the description of the robber prior to the lineup (see, People v Flowers, 150 AD2d 721, lv denied 74 NY2d 809; People v Morales, 134 AD2d 292, lv denied 70 NY2d 935). Absent a showing of impermissible suggestiveness of the pretrial identification procedure, the People had no burden of demonstrating an independent source for the witnesses' in-court identifications (see, People v Chipp, 75 NY2d 327, 335, cert denied 498 US 833). The fact that three of the five eyewitnesses changed their initial identifications of the robber goes to the weight of their testimony, not its admissibility (see, People v Smedman, 184 AD2d 600, 605; People v Broadwater, 105 AD2d 1065). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Boomer, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v