■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STERLING AYERS, Appellant. (Appeal No. 1.) [596 NYS2d 630] — Judgment unanimously affirmed. Memorandum: Upon defendant's guilty plea, County Court expressly conditioned its sentence promise on defendant not being arrested between the date of the plea and the day of sentencing. That condition was properly imposed (see, People v Outley, 80 NY2d 702). Defendant was arrested before the day of sentencing while committing a burglary, and the court imposed a greater sentence than that originally promised. Although the court did not inquire further into the circumstances of the subsequent arrest, defendant was given ample opportunity to address the court, raised no question about the validity of the arrest and did not deny involvement in the underlying burglary. In those circumstances, the trial court properly imposed sentence.

There is no merit to defendant's contention that the trial court abused its discretion in denying his motion to withdraw his guilty plea. Defendant's argument that the plea was entered under duress resulting from a painful back condition was supported only by his own statements. The plea colloquy demonstrated a knowing and voluntary plea with no indication that it was being entered under duress. Moreover, at sentencing both defendant and his attorney were given a meaningful opportunity to argue that defendant should be allowed to withdraw his plea (see, People v Tinsley, 35 NY2d 926, 927). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Burglary, 2nd Degree.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.