■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO MAUPIN, Appellant. [604 NYS2d 801] —Appeal by the defendant from two judgments of the Supreme Court, Suffolk County (Leis, J.), both rendered September 10, 1992, convicting him of attempted criminal possession of a controlled substance in the fourth degree under Superior Court Information No. 963/92 and criminal possession of stolen property in the fourth degree under Superior Court Information No. 952/92, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Since the defendant did not raise any issue concerning the validity of his post-plea arrest, or deny any involvement in the underlying crime, the court did not err in failing to conduct an inquiry into the matter. Thus, it was proper for the court to impose enhanced sentences (see, People v Outley, 80 NY2d 702; People v Ayers, 192 AD2d 1134). The defendant's contention that the court should have afforded him an opportunity to withdraw his pleas is without merit (cf., People v White, 144 AD2d 711; People v Rosa, 194 AD2d 755).

The defendant's sentences were not excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS McDOWELL, Appellant. [604 NYS2d 801] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered October 16, 1991, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that he should have been permitted to withdraw his plea of guilty. The decision to permit the withdrawal of a plea of guilty rests within the sound discretion of the court (see, CPL 220.60 [3]; People v Dickerson, 163 AD2d 610). The defendant's unsupported, conclusory allegation of innocence at sentencing did not warrant the vacatur of his plea (see, People v Chestnut, 188 AD2d 480; People v Dickerson, supra; People v Bourdonnay, 160 AD2d 1014). Accordingly, it was not an improvident exercise of the court's discretion to deny the defendant's motion to withdraw his plea without holding a hearing (see, People v Chestnut, supra; People v Dickerson, supra). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.