■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER H. CANTU, Appellant. [610 NYS2d 133] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in accepting his guilty plea without a factual allocution. Because "defendant pleaded guilty to a lesser crime than the one charged in the indictment, a factual basis for the plea was unnecessary" *(People v Moore,* 71 NY2d 1002, 1006; *People v Clairborne,* 29 NY2d 950, 951; *People v Nunez,* 177 AD2d 656). Moreover, there is no basis to conclude that defendant's plea was "improvident or baseless" *(People v Duff,* 158 AD2d 711, *lv denied* 76 NY2d 734). Defendant, no stranger to the criminal justice system, pleaded guilty only after he had consulted with counsel and had been fully advised by the court of the consequences of his plea *(see, People v Nixon,* 21 NY2d 338, 350, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v O'Keefe,* 170 AD2d 1020, *lv denied* 77 NY2d 965).

We also reject the contention of defendant that the court erred in denying his motion to withdraw the guilty plea. Whether to permit a defendant to withdraw a previously entered guilty plea is a decision that rests within the sound discretion of the court *(see, People v Frederick,* 45 NY2d 520, 524-525; *People v Hagzan,* 155 AD2d 616, 617). Among the grounds supporting the exercise of that discretion are claims of innocence, fraud or mistake *(People v Cance,* 155 AD2d 764, 764-765). After defendant pleaded guilty, he made a generalized assertion of innocence in a motion to withdraw his guilty plea. At the hearing on his motion, however, defendant stated that he wished to withdraw the guilty plea because he had discovered that his codefendant would not be testifying against him. That ground was insufficient. "[A] defendant is not entitled to withdraw his guilty plea merely because he discovers that he misapprehended the quality of the State's case" *(People v Lesesne,* 173 AD2d 407). Further, the generalized assertion of innocence, unsupported by the record, was also insufficient to entitle defendant to withdraw his plea *(see,*

*People v Chestnut,* 188 AD2d 480, 481, *lv denied* 81 NY2d 883; *People v Salsman,* 185 AD2d 469, 470, *lv denied* 80 NY2d 934; *People v O'Keefe, supra).* (Appeal from Judgment of Chautauqua County Court, Adams, J.—Attempted Rape, 1st Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.