■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MEYERS, Appellant. [614 NYS2d 167] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered June 2, 1992, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record clearly establishes that he voluntarily and intelligently waived his right to appeal as part of his plea agreement. Accordingly, he cannot now challenge the propriety of the hearing court's denial of his suppression motion *(see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1; People v Butler, 198 AD2d 427; People v Carter, 191 AD2d 640)*.

We further reject the defendant's claim that the Supreme Court improvidently exercised its discretion in denying his motion to withdraw his guilty plea *(see, CPL 220.60 [3]; People v De Jesus, 199 AD2d 529; People v McMahon, 163 AD2d 588)*. The defendant pleaded guilty after a complete and detailed plea allocution, during which he was fully apprised of the consequences of his plea *(see, People v Harris, 61 NY2d 9)*. Moreover, the factual admissions made by the defendant during his plea allocution were sufficient to establish the elements of the crime, and his subsequent unsubstantiated claim of innocence did not warrant vacatur of the plea *(see, People v Butler, supra; People v McDowell, 198 AD2d 236; People v Smith, 192 AD2d 732)*. Furthermore, although the defendant claimed at sentencing that he was pressured into pleading guilty by the prosecution's insistence that both he

and his codefendant either accept a plea agreement or proceed to trial, the record demonstrates that the defendant's plea was voluntarily entered *(see, People v Fiumefreddo,* 82 NY2d 536).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Balletta, J. P., Miller, Hart and Krausman, JJ., concur.