■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN BROWN, Appellant. [614 NYS2d 276] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered February 28, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BUMFORD, Appellant. [614 NYS2d 263] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 16, 1992, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his guilty plea without conducting a hearing. Since there was nothing in the record to suggest that the defendant's plea was either improvident or baseless, the defendant's bare assertion that he was innocent was insufficient to warrant withdrawal of the plea (see, People v Chestnut, 188 AD2d 480). In addition, there is no merit to the defendant's contention that his plea was not knowingly or intelligently entered (see, People v Harris, 61 NY2d 9).

Finally, since the court imposed the sentence which was promised, the defendant has no basis to complain that his sentence was excessive (see, People v Kazepis, 101 AD2d 816). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.