■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD COLEMAN, Also Known as BERNARD BEVINS, Appellant. [621 NYS2d 562] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered October 28, 1992, convicting defendant, upon his plea of guilty, of two counts of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to two concurrent terms of 3½ to 7 years, unanimously affirmed.

Defendant failed to appear at his scheduled sentencing proceeding. In the interim, defendant had been re-arrested twice before the scheduled sentencing, and several times in the interim between the scheduled sentencing and the adjourned sentencing, thereby violating the no-arrest condition of the plea. Since defendant never challenged the validity of those arrests, it was not incumbent on the court *sua sponte* to inquire into their validity *(cf., People v Outley,* 80 NY2d 702). In view of the violation of the plea conditions, the court was not bound by its conditional promise and could impose another sentence without providing defendant an opportunity to withdraw his plea *(see, People v Simmons,* 193 AD2d 567, *lv denied* 82 NY2d 726; *cf., People v Rosenberg,* 148 AD2d 346). Defendant's claim that he was improperly sentenced as a predicate felon was not preserved by his "bare conclusory allegations of a constitutional infirmity" *(People v Polanco,* 192 AD2d 393), unaccompanied by any clear articulation of the basis for any constitutional challenge *(People v Jones,* 183 AD2d 471, *lv denied* 80 NY2d 896; *but see, People v Davis,* 144 AD2d 688 [2d Dept]).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.