■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORIN BREWLEY, Appellant. [621 NYS2d 922] —Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered May 7, 1993, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Upon our review of the record, we find that the defendant voluntarily and intelligently waived his right to appeal and that he withdrew all prior motions, both pending and decided, as part of his plea agreement. Accordingly, the defendant cannot now challenge the propriety of the hearing court's denial of his motion to suppress identification testimony *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1; *People v Meyers,* 204 AD2d 492; *People v Butler,* 198 AD2d 427; *People v Carter,* 191 AD2d 640).

We reject the defendant's contention that his guilty plea was not knowingly and voluntarily entered because the County Court failed to conduct a sufficient inquiry to determine whether he was aware that he possessed a potential justification defense. Contrary to the defendant's contention, his factual recitation of his commission of the crime did not indicate that justification could have been a viable defense. Thus, the County Court was not required to make a further inquiry (see, People v Lopez, 71 NY2d 662, 668; People v Rivera, 180 AD2d 767; People v Orr, 144 AD2d 391). Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.