■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VELVET JOHNSON, Appellant. [625 NYS2d 922] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered July 17, 1992, convicting her of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the prosecutor's summation are, for the most part, unpreserved for appellate review (see, CPL 470.05 [2]; People v Reding, 167 AD2d 716). In any event, any error was harmless (see, People v Crimmins, 36 NY2d 230).

The defendant's remaining contention is without merit. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STUART KATZ, Appellant. [625 NYS2d 71] —Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered November 26, 1991, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Westchester County for a new persistent violent felony offender hearing.

While the trial court's charge concerning the defendant's status as an interested witness was improper, it nevertheless constitutes harmless error in light of the overwhelming evidence of the defendant's guilt (cf., People v Williams, 197 AD2d 721; People v Martinez, 186 AD2d 153).

In view of the defendant's indication that he was challenging his 1986 felony conviction on constitutional grounds, the court was obligated to conduct further inquiry to ascertain the nature of defendant's constitutional challenges, and to conduct a hearing thereon (see, CPL 400.16; People v Chestnut, 188 AD2d 480; People v Davis, 144 AD2d 688).

The defendant's remaining contentions are either not preserved for appellate review, without merit, or do not warrant reversal. Bracken, J. P., Thompson, Hart and Goldstein, JJ., concur.