■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT CHANDLER, Appellant. [626 NYS2d 893] —Judgment unanimously affirmed. Memorandum: Defendant was charged with burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree arising out of a residential burglary on October 18, 1992. While represented by counsel, he pleaded guilty to one count of attempted burglary in the second degree in full satisfaction of those charges. Defendant acknowledged that he understood the bargained-for plea agreement and that no promises or commitments had been made with respect to sentencing, and he waived his right to appeal as a condition of the plea.

County Court did not abuse its discretion in denying the motion of defendant to withdraw his guilty plea without conducting a hearing *(see,* CPL 220.60 [3]; *People v Tinsley,* 35 NY2d 926, 927; *People v Cantu,* 202 AD2d 1033). Defendant

made no claim of innocence, fraud or duress *(see, People v Ayers,* 192 AD2d 1134, *lv denied* 81 NY2d 1069). Furthermore, the record demonstrates that, at sentencing, defendant and his attorney were given a meaningful opportunity to argue that defendant should be permitted to withdraw his plea *(see, People v Tinsley, supra,* at 927; *People v Ayers, supra).*

We also conclude that defendant knowingly, intelligently and voluntarily waived his right to appeal; that waiver encompassed his contention that his sentence is excessive *(see, People v Allen,* 82 NY2d 761, 763; *People v Callahan,* 80 NY2d 273, 280; *People v Seaberg,* 74 NY2d 1; *People v Underwood,* 210 AD2d 994). (Appeal from Judgment of Erie County Court, Rogowski, J.—Attempted Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.