■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROY D. BLACKWELL, SR., Respondent. [631 NYS2d 272] —Order unanimously affirmed (*see, People v Goss*, 214 AD2d 1007; *People v Cole*, 214 AD2d 1018). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Dismiss Indictment.) Present—Pine, J. P., Fallon, Callahan, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN BOOTHMAN, Appellant. [631 NYS2d 272] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in denying, without a hearing, the motion of defendant to withdraw his guilty plea (*see,* CPL 220.60 [3]; *People v Tinsley*, 35 NY2d 926, 927; *People v Chandler*, 214 AD2d 1027; *People v Cantu*, 202 AD2d 1033). In moving to withdraw his plea, defendant made no claim of innocence, fraud or duress (*see, People v Ayers*, 192 AD2d 1134, *lv denied* 81 NY2d 1069). The sole basis for the oral application by defendant to withdraw his guilty plea was that either his attorney or the court may have misled defendant about the maximum sentence that he could receive. The record demonstrates that defendant and his attorney were given a meaningful opportunity to argue that defendant should be permitted to withdraw his guilty plea (*see, People v Tinsley, supra,* at 927; *People v Chandler, supra*).

From our review of the record, we conclude that defendant knowingly, intelligently and voluntarily waived his right to appeal (*see, People v Moissett*, 76 NY2d 909; *People v Underwood*, 210 AD2d 994). The contention of defendant regarding the purported excessiveness of his sentence does not survive defendant's waiver (*see, People v Allen*, 82 NY2d 761, 763; *People v Callahan*, 80 NY2d 273, 280; *People v Seaberg*, 74 NY2d 1; *People v Chandler, supra*). (Appeal from Judgment of Cayuga County Court, Corning, J.—Bail Jumping, 1st Degree.) Present—Pine, J. P., Fallon, Callahan, Balio and Boehm, JJ.