■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON HEWETT, Appellant. [633 NYS2d 374] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered June 8, 1993, convicting him of manslaughter in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Assuming, *arguendo,* that the trial court's admission of testimony concerning the defendant's possession and threatening use of a gun on two occasions prior to the shooting of which he was convicted was improper *(see, People v Ventimiglia,* 52 NY2d 350; *see also, People v Alvino,* 71 NY2d 233; *People v Ely,* 68 NY2d 520), any error would have been harmless in light of the overwhelming evidence of the defendant's guilt. At trial, a firearms specialist connected the gun recovered from the defendant about eight days after the incident with the fatal shooting, and two witnesses to the shooting separately identified the defendant at a lineup. As there is no significant probability in this case that the jury would have acquitted the defendant had it not been for the alleged error, reversal on this ground is not warranted *(see, People v Crimmins,* 36 NY2d 230, 242).

We have reviewed the defendant's remaining contention and find it to be without merit. Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD A. HINDS, Appellant. [635 NYS2d 473] —Appeal by the defendant from a judgment of the County Court, Westchester County (Wells, J.), rendered January 19, 1994, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court did not improvidently exercise its discretion in denying the defendant's application to withdraw his plea of guilty *(see, People v Ladelokun,* 192 AD2d 723; *People v Chestnut,* 188 AD2d 480). Appellate review of the remaining issues raised by the defendant was effectively waived by him as part of his plea agreement. Accordingly, the judgment of conviction is affirmed *(see, People v Callahan,* 80 NY2d 273; *People v Williams,* 36 NY2d 829, *cert denied* 423 US 873). Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.