■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP MASTRIDGE, Appellant. [744 NYS2d 878] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered April 24, 2001, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty (see CPL 220.60 [3]; People v Weekes, 289 AD2d 599; People v Badger, 288 AD2d 485; People v Marzocco, 278 AD2d 515). There is nothing in any of the defendant's statements at the plea allocution which "clearly casts significant doubt" upon his guilt (People v Lopez, 71 NY2d 662, 666). The defendant admitted to all of the factual allegations underlying the crime after they were recited to him by the Supreme Court, and he made no statement which tended to negate an essential element of the crime (see People v Rivera, 266 AD2d 576, 577). Moreover, at no time during the plea allocution did the defendant raise a viable justification defense to the crime to which he pleaded guilty and, therefore, the Supreme Court was not required to question the defendant as to a potential justification defense (see People v Toxey, 86 NY2d 725, 726; People v Lopez, supra at 667; People v Reyes, 247 AD2d 639; People v Negron, 222 AD2d 327; People v Brewley, 211 AD2d 805, 806; People v Carter, 187 AD2d 666; see also People v Bartlett, 215 AD2d 489, 490). The plea allocution minutes demonstrate that the defendant's plea was entered knowingly, voluntarily, and intelligently, and that he understood the crime to which he was pleading guilty (see People v Harris, 61 NY2d 9; People v Chiovaro, 261 AD2d 632, 633).

The defendant was not deprived of the effective assistance of counsel (see People v Baldi, 54 NY2d 137, 147).

We note that the defendant included in the judgment roll copies of the minutes of the grand jury proceedings. The defendant's motion to expand the judgment roll on appeal to include these minutes was denied by decision and order of this Court dated February 19, 2002. Therefore, we have not considered the grand jury minutes in reaching our determination. Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.