■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD PIERRE, Appellant. [819 NYS2d 127]—

Mugglin, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered July 28, 2004, which resentenced defendant following his conviction of the crime of criminal possession of a controlled substance in the third degree.

Upon our previous review of this matter, we relieved defendant's counsel of his assignment, finding that, contrary to his contention, there is at least one issue of arguable merit to be raised on appeal (24 AD3d 1034 [2005]).

Pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced as a second felony offender to 5 to 10 years in prison. On appeal, defendant's sentence was vacated due to the People's failure to file a second felony offender statement as required by CPL 400.21 and the matter was remitted to County Court for resentencing (8 AD3d 904 [2004], *lv denied* 3 NY3d 710 [2004]). At resentencing, the People filed the requisite second felony offender statement. Upon receiving the statement, defendant admitted the allegations contained therein. However, defendant thereafter informed the court, through counsel, that he "intends to challenge the constitutionality of the conviction . . . just acknowledged." Rather than make any further inquiry or hold a hearing on this issue, County Court concluded that defendant could raise any constitutional challenges on appeal and proceeded to resentence defendant, as a second felony offender, to 5 to 10 years in prison. Defendant now appeals.

Upon learning that defendant was contesting the constitutionality of his prior felony conviction, County Court should have made an inquiry to ascertain the nature of his challenge and to afford him the opportunity to specify the basis therefor (*see People v Katz*, 214 AD2d 586, 586 [1995]; *People v Chestnut*, 188 AD2d 480, 481 [1992], *lv denied* 81 NY2d 883 [1993]; *see also People v Schnackenberg*, 269 AD2d 618, 619 [2000], *lv denied* 94 NY2d 925 [2000]; *People v Quattlebaum*, 229 AD2d 729, 729 [1996], *lv denied* 90 NY2d 896 [1997]). As the court failed to do so, we are compelled to remit the matter for redetermination of defendant's status as a second felony offender and resentencing

*(see People v Katz, supra* at 586; *People v Chestnut, supra* at 481).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.