People v Lewis (2022 NY Slip Op 05429)

People v Lewis

2022 NY Slip Op 05429

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, WINSLOW, AND BANNISTER, JJ.

647 KA 18-02409

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DENZEL K. LEWIS, DEFENDANT-APPELLANT. 

CONNIE M. LOZINSKY, NIAGARA FALLS, FOR DEFENDANT-APPELLANT. 
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (CARRINGTON M. CROSSLEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered August 2, 2018. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that his waiver of the right to appeal is invalid for several reasons and that his sentence is unduly harsh and severe. Defendant initially contends that his waiver of the right to appeal is invalid because he did not understand that the maximum sentence could be imposed. We reject that contention. Supreme Court informed defendant of the sentencing range, including the maximum sentence, and we conclude that defendant "acknowledged that he understood the bargained-for plea agreement and that no promises or commitments had been made with respect to sentencing" (People v Chandler, 214 AD2d 1027, 1027 [4th Dept 1995], lv denied 86 NY2d 792 [1995]). Defendant further contends that his waiver of the right to appeal is invalid due to the lack of a specific sentence promise. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid on that basis and therefore does not preclude our review of his challenge to the severity of his sentence (cf. People v Allen, 174 AD3d 1456, 1456 [4th Dept 2019], lv denied 34 NY3d 978 [2019]; People v Plass, 150 AD3d 1558, 1559 [3d Dept 2017], lv denied 29 NY3d 1094 [2017]; see generally People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), we conclude that the sentence is not unduly harsh or severe.
Finally, defendant contends that he was denied effective assistance of counsel at sentencing. Even assuming, arguendo, that defendant's contention survives his guilty plea (see People v Glowacki, 159 AD3d 1585, 1586 [4th Dept 2018], lv denied 31 NY3d 1117 [2018]; People v McFarley, 144 AD3d 1521, 1522 [4th Dept 2016]), that contention is based in part on matters outside the record. We conclude that because "the 'claim of ineffective assistance of counsel cannot be resolved without reference to matter outside of the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the [mixed] claim in its entirety' " (People v Wilson [appeal No. 2], 162 AD3d 1591, 1592 [4th Dept 2018]; see People v Johnson, 195 AD3d 1420, 1421-1422 [4th Dept 2021], lv denied 37 NY3d 1146 [2021]; see generally People v Maffei, 35 NY3d 264, 269-270 [2020]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court