■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO SERRANO, Appellant.—Appeal by the defendant from five judgments of the Supreme Court, Kings County (Lombardo, J.), all rendered July 16, 1985, convicting him of criminal sale of a controlled substance in the second degree (two counts) under indictment No. 1630/84, criminal sale of a controlled substance in the third degree (three counts) under indictment No. 1632/84, criminal sale of a controlled substance in the first degree (two counts) under indictment No. 1635/84, criminal possession of a weapon in the third degree and criminal sale of a firearm in the second degree under indictment No. 1637/84, and criminal possession of a weapon in the third degree under indictment No. 1670/84, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's claim that his former attorney erroneously advised him as to the number of years he would actually serve

in prison, notwithstanding the explicit promise which induced the pleas, is not borne out by the record of the plea allocution *(see, People v Ramos,* 63 NY2d 640; *People v Corwise,* 120 AD2d 604; *cf., People v Cataldo,* 39 NY2d 578). The Supreme Court therefore did not improvidently exercise its discretion when it denied the defendant's application to withdraw his guilty pleas *(see,* CPL 220.60 [3]). The defendant's claim that he was denied the effective assistance of counsel on the application is not borne out by the record of the hearing *(cf., People v Pascale,* 48 NY2d 997; *People v Brown,* 45 NY2d 852; *see also, Strickland v Washington,* 466 US 668). Mangano, J. P., Brown, Lawrence, Kooper and Harwood, JJ., concur.