■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASWELL DUNN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered August 31, 1987, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court did not err in denying the defendant's motion to withdraw his plea of guilty. This motion was made by defense counsel, after the sentence had already been imposed, on the ground that the court had promised to impose a sentence of, at most, 9 to 21 years imprisonment.

There is no indication in the record on appeal that the court in fact made such a promise before the defendant's plea was taken. The defendant may not properly seek vacatur of his plea based upon alleged "off-the-record" statements, either on the theory that the court violated such an "off-the-record" promise, or on the theory that defense counsel provided him with incorrect information as to the sentence commitment actually made by the court *(see, People v Ramos,* 63 NY2d 640, *revg* 99 AD2d 724; *People v Frederick,* 45 NY2d 520, 525; *People v Selikoff,* 35 NY2d 227, 244, *cert denied* 419 US 1122; *People v Rodriguez,* 150 AD2d 812, 813; *People v Serrano,* 149 AD2d 445; *People v La Placa,* 127 AD2d 610).

We find that the sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.