■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN MITCHELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered January 29, 1991, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that he should have been permitted to withdraw his plea of guilty. The decision to permit the withdrawal of a plea of guilty rests within the sound discretion of the court (see, CPL 220.60 [3]; People v Dickerson, 163 AD2d 610). The defendant's unsupported conclusory allegation of innocence and his allegation that counsel made misrepresentations to him as to the nature of the plea agreement did not warrant the vacatur of his guilty plea. Despite his subsequent protestations, the defendant knowingly, intelligently, and voluntarily pleaded guilty to the instant robbery in the second degree upon the advice of counsel and in satisfaction of a multiple count indictment, and in so doing secured a favorable sentence (see, People v Harris, 61 NY2d 9). Accordingly, it was not an improvident exercise of the court's discretion to deny the defendant's motion to withdraw his plea without holding a hearing (see, People v Dickerson, 163 AD2d 610, supra). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.