■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ALICEA, Appellant. [595 NYS2d 528] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered May 22, 1991, convicting him of murder on the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly denied, without a hearing, the defendant's *pro se* motion to withdraw his guilty plea *(see,* CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520; *People v Tinsley,* 35 NY2d 926). The defendant's allegations of coercion and inadequate representation, made at sentencing, were belied by the record of the plea proceedings, in which he expressly stated, under oath, that he was pleading guilty of his own free will, and that he had no complaints about the representation being provided to him *(see, People v Lisbon,* 187 AD2d 457; *People v Williams,* 178 AD2d 570; *People v Brownlee,* 158 AD2d 610). Miller, J. P., Ritter, Copertino and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALISON BLUMENTHAL, Appellant. [596 NYS2d 718] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered December 5, 1991, convicting her of assault in the first degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that she was denied the effective assistance of counsel is without merit. The defendant was afforded meaningful representation *(see, People v Baldi,* 54 NY2d 137; *People v Yancy,* 189 AD2d 793; *People v Ghee,* 153 AD2d 954).

The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.