■ In the Matter of the Estate of HARRY I. PRANKARD 2D, Deceased. SUSAN MAHONEY et al., Appellants; MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Respondent. [663 NYS2d 989] —Appeal by Susan Mahoney and Daniel Mahoney from stated portions of an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated March 11, 1996.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellants, for reasons stated by Surrogate Emanuelli at the Surrogate's Court. Miller, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FRANCE, Also Known as JAMES JENKINS, Appellant. [663 NYS2d 989] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered August 16, 1995, convicting him of robbery in the second degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's application to withdraw his guilty plea based upon his claims of mistake, coercion, and innocence, made at the time of sentencing (see, CPL 220.60 [3]). The record establishes that the defendant knowingly, intelligently, and voluntarily entered his plea. The defendant's contention that defense counsel failed to advise him that his sentence would run consecutively to another sentence is based upon matters outside the record and thus may not be considered on direct appeal (see, People v Ramos, 63 NY2d 640; People v Frederick, 45 NY2d 520, 525; People v Selikoff, 35 NY2d 227, 244, cert denied 419 US 1122; People v Hodge, 226 AD2d 1124; People v Dunn, 173 AD2d 725).

The defendant's unsupported and conclusory allegation of innocence, made at sentencing, did not warrant the vacatur of his plea (see, People v McDowell, 198 AD2d 236).

Furthermore, the fact that the defendant may have been induced to plead guilty by the People's promise to refrain from further prosecution does not invalidate the plea so long as that promise was fulfilled (see, People v Winchenbaugh, 120 AD2d 811, 813). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.