■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ONDRE MAYE, Appellant. [881 NYS2d 322]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered April 9, 2008, convicting him of attempted criminal possession of marijuana in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

At the time of the plea, the defendant, after the County Court had fully apprised him of the consequences of his plea, admitted that he had a full and complete opportunity to speak to counsel and was satisfied with his counsel's legal advice and representation (*see People v Harris,* 61 NY2d 9 [1983]; *People v Harris,* 222 AD2d 522 [1995]; *People v Richardson,* 214 AD2d 624, 625 [1995]; *People v Zaia,* 181 AD2d 931 [1992]; *People v Williams,* 178 AD2d 570 [1991]; *People v White,* 165 AD2d 820 [1990]; *People v Brownlee,* 158 AD2d 610, 611 [1990]). Despite the

defendant's subsequent protestations, the defendant knowingly, intelligently, and voluntarily pleaded guilty upon the advice of counsel and, in so doing, secured a favorable sentence (*see People v Harris*, 61 NY2d 9 [1983]).

The defendant's claim that counsel gave him the wrong advice regarding the applicability of the presumption of possession rests largely on matter dehors the record and, to that extent, it cannot be reviewed on this direct appeal (*see People v Ramos*, 63 NY2d 640, 643 [1984]; *People v Frederick*, 45 NY2d 520, 525 [1978]; *People v Selikoff*, 35 NY2d 227, 244 [1974], *cert denied* 419 US 1122 [1975]; *People v France*, 241 AD2d 525 [1997]; *People v Hodge*, 226 AD2d 1124 [1996]; *People v Dunn*, 173 AD2d 725 [1991]). To the extent that the claim can be reviewed, the defendant's unsupported conclusory allegation that defense counsel failed to adequately or effectively explain his rights and possible defenses did not warrant the vacatur of his plea of guilty (*see People v Stevens*, 193 AD2d 635 [1993]; *People v Mitchell*, 187 AD2d 676 [1992]; *People v Bourdonnay*, 160 AD2d 1014, 1015 [1990]). Moreover, under these circumstances, no further inquiry was necessary and the court did not improvidently exercise its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty (*see People v Frederick*, 45 NY2d 520 [1978]; *People v Tinsley*, 35 NY2d 926 [1974]; *People v James*, 159 AD2d 723, 724 [1990]; *People v Brownlee*, 158 AD2d 610 [1990]).

Moreover, the record reveals that the defendant received meaningful representation at his plea and sentencing (*see People v Baldi*, 54 NY2d 137 [1981]). Skelos, J.P., Santucci, Dickerson and Eng, JJ., concur.