Appeal by the defendant from an amended judgment of the Supreme Court, Nassau County (Honorof, J.), rendered January 11, 2012, convicting him of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.
Ordered that the amended judgment is affirmed.
The Supreme Court did not improvidently exercise its discre *735 tion in denying, without a hearing, the defendant’s motions to withdraw his plea of guilty. The defendant’s unsupported and conclusory allegations that defense counsel failed to investigate and uncover potentially exculpatory evidence did not warrant the vacatur of his plea of guilty (see People v Maye, 64 AD3d 617, 618 [2009]; People v Mitchell, 187 AD2d 676 [1992]; People v Bourdonnay, 160 AD2d 1014, 1015 [1990]).
The defendant’s contention that his plea of guilty was not voluntarily entered because he was not advised, at the time he entered his plea, that he would be assessed a mandatory surcharge, crime victim assistance fee, and DNA databank fee, and that a DNA sample would be taken, is unpreserved for appellate review (see People v Murray, 15 NY3d 725, 726-727 [2010]) and, in any event, without merit, since those assessments were not components of the defendant’s sentence (see People v Hoti, 12 NY3d 742, 743 [2009]; People v Guerrero, 12 NY3d 45 [2009]).
The defendant’s remaining contentions rest on matter dehors the record and therefore cannot be reviewed on direct appeal (see People v Maye, 64 AD3d at 618; People v DeLuca, 45 AD3d 777 [2007]). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.